332 So.2d 570 (1976)
Mrs. Jewel Mauterer, widow of Fred "Fritz" MAUTERER, Sr., et al.
v.
ASSOCIATED INDEMNITY CORP. and Fireman's Fund Insurance Company et al.
No. 7428.
Court of Appeal of Louisiana, Fourth Circuit.
May 18, 1976.
*571 Leydecker, Bates & Hand, Gerald J. Leydecker, New Orleans, for Mrs. Jewel Mauterer, and others, plaintiffs-appellants.
Dillon & Williams, Gerard M. Dillon, New Orleans, for Associated Indemnity Corp., defendant-appellee.
Before SAMUEL, BOUTALL and BEER, JJ.
BOUTALL, Judge.
Plaintiffs, the wife and children of Fred J. Mauterer, Sr., filed suit for the wrongful death of Mr. Mauterer. This suit was brought against several executive officers of the company that employed Mauterer. The suit named Associated Indemnity Corporation as the insurance carrier for the liability of these executive officers. The defendant insurance company filed a motion for summary judgment contending that the two policies it had in effect with *572 Mauterer's employer did not cover liability for the named executive officers. The trial court granted this motion for summary judgment and plaintiffs have appealed. We affirm.
The facts show that Fred J. Mauterer, Sr. was employed as a pipe fitter with the Sam P. Wallace Company, Inc. The Wallace Company was doing subcontract work at the Murphy Oil Refinery when the accident occurred. Mauterer was assisting in the loading of a flat bed truck[1] with heavy steel pipe when one of the stanchions used to hold the pipe on the truck gave way before the pipes could be secured by a chain. Mauterer was beneath the pipe when it rolled off the trailer and was crushed to death.
The first issue is the coverage afforded under the terms of a comprehensive general liability policy. It is contended that the occurrence or operation is excluded from coverage by the facts in this case. The policy in pertinent part reads as follows:
"Exclusions
This insurance does not apply:
(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of
(1) any automobile or aircraft owned or operated by or rented or loaned to the named insured, or . . . ."
Under the Definitions section of the policy the term automobile is defined as follows:
"`automobile' means a land motor vehicle, trailer or semitrailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include mobile equipment."
The policy by its terms clearly excludes from coverage the situation in this case. Plaintiffs argue that since the trailer was being loaded by a "cherry picker" (which comes within the definition of mobile equipment) then the accident arose out of loading by mobile equipment and not loading of a trailer. This argument is purely semantical and creates no issue of material fact. The accident arose out of the failure of a stanchion on the trailer that was being loaded. The terms of the policy could not more clearly exclude this situation from coverage. When the terms of the policy are clear and unambiguous they form the law between the parties. RCC article 1901 and 1945; Jennings v. Louisiana and Southern Life Insurance Co., 280 So.2d 291 (La.App. 1st Cir. 1973). The words in an insurance policy are to be understood in the common ordinary sense without report to grammatical rules. RCC article 1946; Schwegmann Bros. Giant Supermarkets v. Underwriters at Lloyd's, London, 300 So.2d 865 (La.App. 4th Cir. 1974).
The second issue deals with coverage under the terms of the comprehensive automobile liability policy. Plaintiffs' contention is that if Mauterer was killed loading an "automobile" then the automobile policy ought to apply. Defendants again point to an exclusion in that policy, excluding the persons involved.
The exclusion at issue is on page 3 of the policy under the section,
"Persons Insured"

* * * * * *
"None of the following is an insured
(i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment; . . ."
It is not at issue that Mauterer was in the course of his employment when killed *573 and that the negligence complained of by plaintiffs arose solely from the executive officers engaging in the business of the Sam P. Wallace Company. The sole issue becomes are the executive officers to be included within the meaning of the words "fellow employee"?
This exclusion is commonly known as the "cross-employee exclusion" and its intent is to deny coverage to employees that have a remedy under the Workmen's Compensation Act.[2]Manuel v. Liberty Mutual Insurance Co., 256 La. 480, 236 So.2d 807 (S.Ct.1970); Myers v. Fidelity and Casualty Company of New York, 152 So.2d 96 (La.App. 3rd Cir. 1963).
The question of whether an executive officer is an "employee" within the meaning of the cross-employee exclusion has recently been answered in the federal courts, Heiser v. Gibson, 386 F.Supp. 901 (E.D.La.1974). The court in Heiser, citing Manuel v. Liberty Mutual Insurance Co., supra, held that in determining whether an executive officer is an employee it is proper to look to the Workmen's Compensation Act. LSA R.S. 23:1044 states that executive officers are deemed to be employees for purposes of receiving compensation benefits. This being true they ought to also be employees for purposes of interpreting an insurance contract provision, the intent of which is to exclude persons with a remedy under the Workmen's Compensation Act.
Plaintiffs make one final argument worthy of mention. The exclusions relating to persons insured further states:
"None of the following is an insured

* * * * * *
(iii) an executive officer with respect to an automobile owned by him or by a member of his household; . . ."
Plaintiffs' contention is that since executive officers are specifically mentioned in subsection (iii) they must logically be excluded from subsection (i), supra, since they are not specifically mentioned there. We find no merit in this argument since there is no prohibition against twice excluding a certain class of people from coverage under the policy. Subsections (i) and (iii) relate to different circumstances surrounding the exclusions. Plaintiffs aver that at the very least subsections (i) and (iii) are ambiguous and create a material issue of fact. We perceive no ambiguity, but assuming there was, the issue would be a question of law and not a question of fact. CCP article 966; Ocmond v. Eserman, 259 So.2d 600 (La.App. 4th Cir. 1972).
For the foregoing reasons the judgment of the trial court is affirmed. Plaintiffs are to pay all costs.
AFFIRMED.
NOTES
[1] The tractor of the truck was owned by Wallace and the trailer was rented from Gill Truck and Trailer Rentals, Inc.
[2] The record contains a petition of intervention by Associated Indemnity Corporation. This petition alleges that Mrs. Jewel Mauterer, the widow, has been receiving compensation benefits. The record does not reflect an answer to this petition by plaintiffs.