387 So.2d 621 (1980)
Kenneth LEE
v.
LIBERTY MUTUAL INSURANCE CO. et al.
No. 10391.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1980.
Rehearing Denied September 15, 1980.
Roger J. Larue, Jr., Metairie, for plaintiff-appellant.
Christovich & Kearney, C. Edgar Cloutier, New Orleans, for defendants-appellees.
Before BOUTALL, GARRISON and CHEHARDY, JJ.
GARRISON, Judge.
Plaintiff, Kenneth Lee, appeals from a summary judgment in favor of defendant, Liberty Mutual Insurance Company. Lee was a dump truck driver for Pratt-Farnsworth, Inc. when he was injured. On the day of the accident (June 29, 1976)[1], the tailgate had fallen off his truck and he was engaged in replacing it. Frank Savarino, a dragline oiler also employed by Pratt-Farnsworth, had been ordered to assist Lee to replace the tailgate, using a front-end loader. The loader's bucket was suspended about three and one-half feet off the ground. Lee looped a chain around the tailgate and propped the tailgate against the loader bucket, at about a 20 angle from the vertical. Lee turned to get a cable and, as he did so, the tailgate fell on his leg and injured him.
Lee sued Halmar, Inc., Pratt-Farnsworth, Liberty Mutual (their insurer), Dennis Gibson (the job superintendent), J. W. Davis (the job foreman), and Savarino. Halmar, Pratt-Farnsworth and Liberty Mutual moved for summary judgment, Halmar and *622 Pratt-Farnsworth on the ground they were Lee's employer(s) and so were immune from tort liability, and Liberty Mutual on the basis that neither its automobile policy nor its comprehensive general liability policy provided coverage to the named individual defendants for this particular accident. The trial judge granted the motion without giving written or oral reasons. Lee has appealed the judgment only as to Liberty Mutual.
Liberty Mutual's argument is that none of the individual defendants is an insured under its comprehensive automobile policy, and, conceding arguendo the individuals are insured under the comprehensive general liability policy, that coverage is excluded. (The automobile policy provided coverage for the dump truck. The comprehensive general liability policy provided coverage for the front-end loader.) Finally, Liberty Mutual argues that even if its comprehensive general liability policy provides coverage, Savarino would be excluded under a co-employee exclusion. (Gibson and Davis are excepted from the co-employee exclusion by an endorsement to the policy.)
Plaintiff concedes the automobile policy excludes coverage, but contends the comprehensive general liability policy covers the individual defendants for their alleged liability to plaintiff. The pertinent provisions of the comprehensive liability policy are as follows:
"This policy does not apply:
* * * * * *
(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use loading or unloading or
(1) any automobile or aircraft owned or operated by or rented or loaned to any insured, * * *"
The front-end loader clearly fits within the policy's definition of "mobile equipment" ("a land vehicle . . . designed for use principally off public roads . . .") and is not excluded from coverage. Conversely, it is clear the comprehensive general liability policy does not apply to the dump truck ("`automobile' means a land motor vehicle. . . designed for travel on public roads . . . but does not include mobile equipment.")
These clauses produce a conflict: Plaintiff's accident is covered under one clause of the policy but excluded under another, because it is obvious that plaintiff's injury arose both out of the maintenance of the dump truck and out of the use of the front-end loader.
There remain unanswered questions of fact, material to Liberty Mutual's liability once the coverage issue is resolved. The question of whether mover was entitled to judgment as a matter of law is the subject matter of this opinion.
C.C.P. Art. 966 provides as follows:
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
"The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." (emphasis added.)
As there exists genuine issues of material fact to be resolved, summary judgment should not have been granted. Employer's Surplus Insurance v. City of Baton Rouge, 362 So.2d 561 (1978) and authorities cited therein.
Liberty Mutual contends that the automobile exclusion applies because the accident "arose out of an excluded relationship with an automobile despite the fact that mobile equipment was involved in the accident." *623 We find, however, that the cases cited by Liberty Mutual are all distinguishable on their facts.[2]
When an ambiguity in an insurance policy relates to an exclusionary clause or to a provision which limits liability, the law requires that the contract be interpreted liberally in favor of providing coverage. Hanagriff's Machine Shop v. Slaw Construction Company, 380 So.2d 146 (La.App. 1st Cir. 1979). Here, the circumstances produce an ambiguity in the policy because the coverages are conflicting. The accident arose not only out of the maintenance, use, loading or unloading of the dump truck, but also out of the maintenance, use, loading or unloading of the front-end loader; it was thus both covered and excluded by the policy. In such a circumstance, the exclusionary clause cannot prevail, for the conflict creates an ambiguity. See Insurance Company of North America v. Solari Parking, 370 So.2d 503 (La.1979).
We do agree with Liberty Mutual's contention that, even if the accident here is covered, Frank Savarino's alleged liability is excluded from coverage by a co-employee exclusion. The various endorsements to the policy, which plaintiff claims are conflicting, are clear and must be read in chronological order. In doing so, it becomes plain that Endorsement No. 23 applies here:
"It is agreed that the `Persons Insured' provision is amended to include any employee of the named insured while acting within the scope of his duties as such, but the insurance afforded to such employee does not apply:
1. to bodily injury to (a) another employee of the named insured arising out of or in the course of his employment. * * *"[3]
It is patent that at the time of the accident, Savarino's liability for injuries to fellow employees was excluded from coverage by the comprehensive general liability policy.
In conclusion, we hold that where an accident is covered by one clause of an insurance policy, but is excluded by another clause of the same policy, the clause providing coverage must prevail. Therefore, as a matter of law, mover was not entitled to summary judgment under C.C.P. Art. 966.
For the foregoing reasons, the judgment of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] This is an executive officer suit arising prior to the effective date of Act 147 of 1976, which provided for immunity for nonintentional acts.
[2] In particular, we note Mauterer v. Associated Indemnity Corp., 332 So.2d 570 (La.App. 4th Cir. 1976), the case most like this in its facts. Plaintiff's injury there arose from the failure of a stanchion on a truck being loaded by a "cherry-picker," and the comprehensive general liability policy included in a similar automobile exclusion. The Mauterer court held the accident was clearly excluded. Here, however, the truck tailgate was not on the truck when it fell on plaintiff; instead, it had at the moment as close a relationship to the front-end loader as it had to the truck. In the Mauterer case, the failure of the stanchion apparently had no relationship at all to the use of the cherry-picker.
[3] By Endorsement No. 24, "all Supervisory Employees (including Executive Officers)" are excluded from the co-employee exclusion. Liberty Mutual admits that the policy, if applicable here, provides coverage to Gibson and Davis.