391 So.2d 1321 (1980)
Isaac FRANKLIN
v.
J. A. JONES CONSTRUCTION CO. et al.
No. 11325.
Court of Appeal of Louisiana, Fourth Circuit.
November 12, 1980.
Tooley, Waldmann & Weidner, Lester J. Waldmann, Gretna, for plaintiff-appellant.
Thomas L. Gaudry, Jr., René A. Pastorek, Gretna, for Aetna Cas. and Surety Co., defendants-appellees.
Before SAMUEL, GARRISON and CHEHARDY, JJ.
CHEHARDY, Judge.
Plaintiff, Isaac Franklin, appeals a summary judgment in the trial court dismissing defendant Aetna Casualty and Surety Company (Aetna) from his suit for personal injuries allegedly sustained while in the course and scope of his employment with J. A. Jones Construction Company (Jones).
Plaintiff originally filed suit against Jones, its board of directors, stockholders and officers; and Aetna, claiming that Jones, through its officers, foremen and supervisors, was negligent and that said negligence was the cause of plaintiff's resulting personal injuries.
The plaintiff also filed a supplemental and amending petition, joining in various other engineers and supervisors, none of whom were personally named insureds in Aetna's policy.
On the date of the accident there was in force a comprehensive liability policy of Aetna in which the named insureds were J. A. Jones Construction Company Limited; Canada & Queens Properties Inc.; Livsey, Inc.; J. A. Jones International Inc. and Graphics Management, Inc.
*1322 Jones was dismissed from the suit on the peremptory exception of no cause of action, and that judgment is not appealed.
The only issue presented on appeal is whether the liability policy in question provided coverage of Franklin's injuries.
The policy contained the following endorsements:

"ADDITIONAL INSURED (ENGINEERS, ARCHITECTS OR SURVEYORS)
IT IS AGREED THAT SUCH INSURANCE AS IS AFFORDED BY THE BODILY INJURY LIABILITY COVERAGE AND PROPERTY DAMAGE LIABILITY COVERAGE APPLIES, SUBJECT TO THE FOLLOWING PROVISIONS:
1. THE WORD `INSURED' ALSO INCLUDES ANY ARCHITECT, ENGINEER OR SURVEYOR ENGAGED BY THE NAMED INSURED BUT ONLY WITH RESPECT TO LIABILITY ARISING OUT OF THE PREMISES OF THE NAMED INSURED OR OPERATIONS PERFORMED BY OR FOR THE NAMED INSURED.
2. THE INSURANCE WITH RESPECT TO SUCH ARCHITECTS, ENGINEERS OR SURVEYORS DOES NOT APPLY TO BODILY INJURY OR PROPERTY DAMAGE ARISING OUT OF ANY PROFESSIONAL SERVICES PERFORMED BY OR FOR THE NAMED INSURED, INCLUDING
(A) THE PREPARATION OR APPROVAL OF MAPS, PLANS, OPINIONS, REPORTS, SURVEYS, DESIGNS OR SPECIFICATIONS AND
(B) SUPERVISORY, INSPECTION OR ENGINEERING SERVICES.
3. THIS COVERAGE APPLIES TO THE INSUREDS OPERATIONS ON AN OFFICE BUILDING AT THE CORNER OF MAIN, MURPHY & COMMERCE STS., DALLAS, TEXAS.
PREMIUM TO BE DETERMINED AT 10% OF THE BODILY INJURY AND PROPERTY DAMAGE PREMIUM FOR THIS JOB.
* * * * * *

ADDITIONAL INSURED
It is agreed that the `Persons Insured' provision is amended to include any employee of the NAMED INSURED while acting within the scope of his duties as such, but the insurance afforded to such employee does not apply:
1. to BODILY INJURY to (a) another employee of the NAMED INSURED arising out of or in the course of his employment or (b) the NAMED INSURED or, if the NAMED INSURED is a partnership or joint venture, any partner or member thereof * * *."
The bodily injury liability policy also contains the following provisions:
"Exclusions
This insurance does not apply:
* * * * * *
(i) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;
(j) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured, or to any obligation of the insured to indemnify another because of damages arising out of such injury; but this exclusion does not apply to liability assumed by the insured under an incidental contract;
* * * * * *
II. PERSONS INSURED
Each of the following is an insured under this insurance to the extent set forth below:
* * * * * *
(c) if the named insured is designated in the declarations as other than an individual, partnership or joint venture, *1323 the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such * * *."
We do not agree with the plaintiff that the above endorsements and provisions of the subject contract are, at least, ambiguous and therefore must be construed against the insurer. Rather, we hold that the terms of the policy are clear and unambiguous and refer to the case of Mauterer v. Associated Indemnity Corp., 332 So.2d 570 (La.App. 4th Cir. 1976), wherein this court noted the applicable law at page 572:
"* * * When the terms of the policy are clear and unambiguous they form the law between the parties. RCC article 1901 and 1945; Jennings v. Louisiana and Southern Life Insurance Co., 280 So.2d 291 (La.App. 1st Cir. 1973). The words in an insurance policy are to be understood in the common ordinary sense without resort to grammatical rules. RCC article 1946; Schwegmann Bros. Giant Supermarkets v. Underwriters at Lloyd's, London, 300 So.2d 865 (La.App. 4th Cir. 1974)."
Neither can we agree that the terms of Section "j" noted above under "Exclusions" and the terms of "1" listed under the exclusions of coverage under "Additional Insured" refer to only the employees of executive officers, directors or stockholders in the latter instance and the employees of architects, engineers or surveyors in the former instance and that, therefore, employees of only the company itself are not excluded. Rather, we hold that an understanding of the contract in the ordinary sense excludes coverage of the situation in this case, and once more refer to Mauterer, supra, wherein the court interpreted an exclusion almost identical to the one in the present case at pages 572-573:
"The second issue deals with coverage under the terms of the comprehensive automobile liability policy. Plaintiffs' contention is that if Mauterer was killed loading an `automobile' then the automobile policy ought to apply. Defendants again point to an exclusion in that policy, excluding the persons involved.
"The exclusion at issue is on page 3 of the policy under the section,
`Persons Insured'
* * * * * *
`None of the following is an insured
(i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment; ...'
"It is not at issue that Mauterer was in the course of his employment when killed and that the negligence complained of by plaintiffs arose solely from the executive officers engaging in the business of the Sam P. Wallace Company. The sole issue becomes are the executive officers to be included within the meaning of the words `fellow employee'?
"This exclusion is commonly known as the `cross-employee exclusion' and its intent is to deny coverage to employees that have a remedy under the Workmen's Compensation Act. Manuel v. Liberty Mutual Insurance Co., 256 La. 480, 236 So.2d 807 (S.Ct.1970); Myers v. Fidelity and Casualty Company of New York, 152 So.2d 96 (La.App. 3d Cir. 1963).
"The question of whether an executive officer is an `employee' within the meaning of the cross-employee exclusion has recently been answered in the federal courts, Heiser v. Gibson, 386 F.Supp. 901 (E.D.La.1974). The court in Heiser, citing Manuel v. Liberty Mutual Insurance Co., supra, held that in determining whether an executive officer is an employee it is proper to look to the Workmen's Compensation Act. LSA R.S. 23:1044 states that executive officers are deemed to be employees for purposes of receiving compensation benefits. This being true they ought to also be employees for purposes of interpreting an insurance contract provision, the intent of which is to exclude persons with a remedy *1324 under the Workmen's Compensation Act."
In the case of Kelley v. M and M Dodge, Inc., 370 So.2d 1267 (La.App. 3d Cir. 1979), the rationale of Mauterer, supra, was also followed in interpreting a similar cross-employee exclusion, and that court also concluded an executive officer should be considered a "fellow employee" under the terms of the exclusion. Although, in the present case, the terms "any employee of the insured" and "another employee of the named insured" are utilized, we hold the meanings of these exclusions to be identical to the insurance provisions discussed in Kelley, supra, and we conclude, therefore, that coverage is not afforded to the plaintiff in this instance.
Additionally, we find no merit in the plaintiff's contention that the holding in the case of Credeur v. Luke, 368 So.2d 1030 (La.1979), is applicable to the present situation. In Credeur, supra, although the court held that a comprehensive general liability policy did not exclude the president of the company under cross-employee exclusionary provisions, the court specifically distinguished the case from Mauterer, supra, on the ground that the president of the corporation was individually named in the policy as an insured. The present case, therefore, is also distinguishable from Credeur, supra, on that basis.
Accordingly, the judgment of the district court is affirmed in all respects.
AFFIRMED.