JjDECUIR, Judge.
Defendants, C & M Construction Company, its liability insurer, South Carolina Insurance Company, and Irvin Teeter, appeal the judgment of the district court granting a motion for summary judgment in favor of Ronald Butterfield and Western World Insurance Company, denying defendants’ motions for summary judgment and dismissing defendants’ third party demand.
Plaintiff, Ronald J. Butterfield, was injured on September 28, 1990, during the course and scope of his employment with H & H Concrete, Inc. H & H is a concrete manufacturer and supplier. At the time of the accident, Mr. Butterfield was employed as a driver/deliveryman. He was injured while making a delivery of wet concrete to defendant C & M’s worksite in Calcasieu Parish. While plaintiff was setting up a chute to unload cement, defendant Teeter, a C & M employee, pulled on the top of the chute causing it to trap plaintiff’s right hand between the top and bottom of the chute.
Plaintiff filed suit against C & M, its insurer, and Irvin Teeter. Defendants answered asserting the statutory employer defense pursuant to La.R.S. 23:1032, ^maintaining that the providing of concrete was an integral part of the work to be performed by C & M, and alternatively that plaintiffs suit is barred by the two-contract theory pursuant to La.R.S. 23:1061. Defendants thereafter filed a third party demand against Western World Insurance Company, the automobile liability insurer of plaintiffs employer H & H, alleging that C & M and Teeter were “additional insureds” under the terms of the Western World policy. Defendants did not name H & H as a third party defendant. Defendants argue that Teeter was a permissive user of the concrete truck since he was assisting plaintiff with plaintiffs consent at the time of the accident and, therefore, is an additional insured under the terms of the Western World policy entitling defendants to liability coverage against the claims asserted by plaintiff. Defendant, South Carolina Insurance Company, also third partied Western World alleging the Western World policy is primary to the South Carolina policy.
A motion for summary judgment was brought by defendants on the grounds that plaintiffs claims were barred under the provisions of the Worker’s Compensation Act. Western World filed a motion for summary judgment contending that its policy excludes coverage where an employee of its insured is entitled to coverage under the Worker’s Compensation Act. Defendants then filed a second motion for summary judgment contending that defendants C & M and Teeter are insureds under the terms of the Western World policy and the Western World policy is primary to the South Carolina policy.
Defendants contend the trial judge erred: (1) in finding that the Western World policy excluded coverage for the accident in question and the defense of defendants, C & M and South Carolina; and (2) in finding that C & M was not immune from tort liability pursuant to La.R.S. 23:1061 and 23:1032.
_jjWe address first the issue of coverage under the Western World policy. There is no dispute, and it is clear from a reading of the policy, that plaintiffs employer, H & H Concrete, Inc., is the named insured. There is also no dispute that plaintiff was injured during the course and scope of his employment with H & H. Furthermore, it is undisputed that H & H is hable to plaintiff for worker’s compensation benefits. The applicable provisions of the policy provide as follows:
*661 B. EXCLUSIONS
This insurance does not apply to any of the following:
[[Image here]]
3. WORKERS COMPENSATION
Any obligation for which the “insured” or the “insured’s” insurer may be held liable under any workers compensation, disability benefits or unemployment compensation law or any similar law.
4. EMPLOYEE INDEMNIFICATION AND EMPLOYER’S LIABILITY
“Bodily injury” to:
a. An employee of the “insured” arising out of and in the course of employment by the “insured,” or
[[Image here]]
This exclusion applies:
(1) Whether the “insured” may be liable as an employer or in any other capacity
[[Image here]]
Furthermore, the “Standard Provisions Endorsement” to the policy in question contains an “injury to employee and volunteer exclusion” which provides:
This insurance does not apply:
1. To Bodily Injury to any employee or volunteer of the insured arising out of and in the course of his employment by or service |4to the insured for which the insured may be held liable as an employer or in any other capacity ...
A dispute as to whether, as a matter of law, the language of an insurance policy provides coverage may be resolved on a motion for summary judgment. La.Code Civ.P. art. 966(D); Domingue v. Reliance Ins. Co., 619 So.2d 1220 (La.App. 3 Cir.1993); Natchitoches Parish Hosp. Dist. v. Rachal, 94-995 (La.App. 3 Cir. 2/1/95), 649 So.2d 1152, writ denied 95-0528 (La. 4/7/95), 652 So.2d 1349. The exclusionary provisions of the Western World policy are clear and unambiguous. Where the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the intent of the parties. La.Civ.Code arts. 2045-2047; Lewis v. Hamilton, 94-2204 (La. 4/10/95), 652 So.2d 1327. The provisions of Western World’s automobile liability policy are designed to exclude coverage where the injured person is an employee of the insured who is protected under the Worker’s Compensation Act. Even if defendants were successful in convincing this court that they are “additional insureds” under the terms of the policy, the policy clearly and unambiguously excludes coverage to the “insured” for any liability arising out of plaintiff’s work related injury. Thus, we affirm the judgment of the trial court granting the motion for summary judgment in favor of plaintiff and Western World on the issue of coverage under the Western World policy.
Next, we address defendants’ contention that the trial court erred in decreeing that the provisions of La.R.S. 23:1032 and 23:1061 are not applicable and that defendants are not immune from tort liability. Defendants contend that at the time of plaintiffs accident, C & M was plaintiffs statutory employer. C & M alleges that it contracted with Cecos International to form-up and lay a large concrete pad or foundation and, that C & M in turn contracted with plaintiffs employer, H & H, for |sthe delivery and pouring of the concrete. C & M contends that under the “two-contract” theory of La.R.S. 23:1061, C & M is plaintiffs statutory employer. Furthermore, defendants contend that the work which H & H was doing was an integral part of the work of the principal, C & M, therefore, making C & M plaintiffs statutory employer. Defendants contend that plaintiff and/or his coemployees assisted in spreading the concrete at the site, and that C & M employees assisted plaintiff by moving the chute to spread the concrete. Affidavits and depositions in support of defendants’ argument were introduced into evidence.
Plaintiff on the other hand contends that H & H’s concrete delivery was not an integral part of the work being performed by C & M. Plaintiff also argues that he was merely a deliveryman and H & H a vendor, and normally the worker’s compensation laws do not apply where the transaction between the immediate employer and the party sought to be held liable as the claimant’s employer is that of purchase and sale only.
*662 Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Verrett v. Cameron Telephone Co., 417 So.2d 1319 (La.App. 3 Cir.), writ denied, 422 So.2d 164 (La.1982). The burden of proof is on the mover, and this burden is a great one. Summary judgments are not favored, and any doubt must be resolved against granting summary judgment. Reeks v. Johnson, 587 So.2d 2 (La.App. 3 Cir.1991).
In the present case, genuine issues of material fact exist as to whether a contract existed between C & M and H & H, as to whether the relationship between C & M and H & H was merely that of vendor-vendee, and as to whether plaintiff was [6performing work which was an integral part of or integrally related to the work being performed by C & M. These disputed issues preclude the granting of summary judgment. We therefore reverse that portion of the judgment decreeing plaintiff is not a statutory employee of C & M Construction and denying C & M’s statutory employer defense, and we remand for further proceedings.
The judgment of the trial court granting the motion for summary judgment in favor of plaintiff and Western World on the issue of coverage under the Western World policy is affirmed. The judgment of the trial court decreeing plaintiff is not a statutory employee of C & M Construction and denying C & M’s statutory employer defense is hereby reversed and the case is remanded for further proceedings. Costs of appeal are assessed one-half to plaintiff and one-half to defendants, C & M Construction Company, Irvin Teeter and South Carolina Insurance Company.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.