DANIEL L. DYSART, Judge.
^Plaintiffs, Zina Burrows and Lahura Burrows, appeal a summary judgment dismissing American Equity Insurance Company (“AEIC”) and Lake Forest, L.L.C. (“Lake Forest”), from this suit. For the reasons that follow, we affirm the trial court’s judgment in favor of AEIC, but reverse the summary judgment dismissal of Lake Forest.
FACTUAL AND PROCEDURAL BACKGROUND
On February 4, 2002, plaintiffs filed a Petition for Damages against Lake Forest, the owner of the Plaza in Lake Forest mall (the “Plaza”),[1] and its management company, Executive Property Management Company (“Executive Property”). Plaintiffs allege that their father, William E. Burrows, III (sometimes hereinafter referred to as “decedent”), a security guard employed by Executive Property, died as a result of the defendants’ negligence in failing to timely transport Mr. Burrows to the hospital. More particularly, plaintiffs allege that on August 24, 2001, Mr. Burrows was working at the Plaza and while helping a 12customer carry items to the customer’s car, he fell and briefly lost consciousness. They then allege that a co-employee assisted Mr. Burrows back to Executive Property’s office located in the Plaza, where he asked to be taken to a nearby hospital, Pendleton Memorial Methodist Hospital (“Memorial”); however, “[ojfficers and employees of [Executive Property] and [Lake Forest], knowing that the decedent was gravely ill, failed and refused to transport [him] to the hospital.” His family was contacted to transport him to the hospital, delaying his medical treatment by “over one hour.” When Mr. Burrows was brought to Memorial, he suffered a seizure or cardiac arrest and became comatose. Mr. Burrows passed away on September 1, 2001. The Petition alleges that Mr. Burrows’ death was “directly and proximately” caused by the defendants’ failure to transport him to the hospital and the resulting delay in his obtaining medical treatment.
After Lake Forest and Executive Property filed Exceptions of No Cause or Right of Action (based partly on the exclusivity of workers’ compensation laws), the trial court granted plaintiffs leave to amend their petition. On May 30, 2002, plaintiffs filed a supplemental petition alleging that Executive Property and Lake Forest denied that the August 24, 2001 incident was a compensable event or accident under the Louisiana Workers’ Compensation law and “[accordingly, the exclusive remedy provisions of the Louisiana Workers Compensation Law ... do not apply to the cause of action stated in the original Petition.”[2] *701 The supplemental [¡¡petition also added the allegation that the defendants’ “employees were substantially certain that the failure to transport [the decedent] to nearby Pen-dleton Methodist Hospital ... would result in a diminished or lost chance of survival....”
Plaintiffs again amended their petition on March 9, 2005 to add AEIC as a defendant in its capacity as the alleged comprehensive general liability insurer for Executive Property and Lake Forest.
On April 29, 2010, plaintiffs filed a Motion for Summary Judgment seeking a determination that AEIC is Lake Forest’s “comprehensive general liability” insurer and that its policy provides coverage for the claims asserted in this lawsuit. The Motion further sought a declaration that no exclusions of the AEIC policy bar coverage.[3]
AEIC then filed its own Motion for Summary Judgment on December 22, 2011 seeking a dismissal on several bases: (1) its policy only covers Lake Forest and not Executive Property; (2) even assuming its policy covered Executive Property, an “Employer’s Liability” exclusion bars coverage; (3) its policy bars coverage for “Intentional Acts;” and (4) Lake Forest, as the mall owner, has no liability for the claims alleged (either because, as merely the landowner, it owed no duty and even if it did, a breach of the duty was not the legal cause of the injuries).
AEIC’s Motion for Summary Judgment was heard on June 15, 2012, and by judgment dated June 21, 2012, the motion was granted in part and denied in part. [ 4The summary judgment was denied as to the issue of whether Executive Property is an “additional insured” under AEIC’s policy. It was granted as to AEIC on the basis that (1) Mr. Burrows was in the course and scope of his employment at the time of the incident and the policy excluded coverage for injuries arising out of Mr. Burrows’s employment and (2) intentional acts are excluded from the policy, as the parties agreed on the record. The judgment also granted summary judgment and a dismissal with prejudice in favor of Lake Forest on the basis that (1) as a landowner, it owed no duty to an employee of its lessor, and (2) plaintiffs’ claims did not arise from any “defect or negligence of the landowner.” The trial court designated the grant of summary judgment as a final judgment pursuant to La. C.C. P. art. 1915.
AEIC filed a Motion for Reconsideration, Motion for New Trial, and/or Motion to Amend Judgment on June 27, 2012, seeking an amendment to the judgment insofar as it expressly dismissed Lake Forest with prejudice but did not dismiss AEIC from the suit.[4] Plaintiffs also filed a Motion for New Trial on June 28, 2012, arguing that the trial court’s June 21, 2012 judgment improperly granted summary judgment to Lake Forest, given that Lake Forest had not filed a Motion for Summary Judgment and was not a party to AEIC’s Motion for Summary Judgment.
IrAEIC’s and plaintiffs’ motions were both heard on September 26, 2012. By judgment dated October 9, 2012, the trial court denied plaintiffs’ Motion for New Trial and granted AEIC’s Motion for Re *702 consideration in part and denied it in part, ruling as follows. After first vacating the June 21, 2012 judgment, it denied AEIC’s motion insofar as it sought a determination that Executive Property is an “additional insured” under the AEIC policy on the basis that the policy language pertaining to additional insureds is ambiguous. It then granted summary judgment to AEIC on the basis that the policy excluded coverage for injuries arising out of the course and scope of employment and for intentional acts, concluding that there were no issues of material fact as to either finding.[5] Finally, it found no duty on Lake Forest’s part, as merely the landowner where there were no allegations of “defect or negligence” against it. Both Lake Forest and AEIC were dismissed from the suit, with prejudice. The trial court designated the judgment as a final judgment.
Plaintiffs timely filed this appeal.[6]
DISCUSSION

Standard of Review

Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Richard v. Hall, 03-1488, p. 4 (La.4/23/04), 874 So.2d 131, 137, citing Goins v. Wal-Mart Stores, Inc., 01-1136, p. 5 (La.11/28/01), 800 So.2d 783, 788. Thus, we review whether “the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966 B. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2).
We note that the “[interpretation of an insurance policy ordinarily involves a legal question that can be properly resolved by a motion for summary judgment.” Bernard v. Ellis, 11-2377, p. 9 (La.7/2/12), 111 So.3d 995, 1002. As the Bernard court explained, “[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Civil Code.” Id. (citation omitted). In that regard, the policy “should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion.” Id. Thus, “[i]f the policy wording at issue is clear and unambiguously expresses the parties’ intent, the insurance contract must be enforced as written.” Id., 11-2377, p. 10, 111 So.3d at 1002. Summary judgment should therefore be granted “when the facts are taken into account and it is clear that the provisions of the insurance policy do not afford coverage.” Id.
17Plaintiffs raise two issues in this appeal; namely, that the claims do not arise out of Mr. Burrows’s employment and as such, the “course and scope of employment” exclusion is inapplicable; and that the trial court erred in dismissing Lake *703 Forest as it was not a party to AEIC’s Motion for Summary Judgment. We address each issue in turn.

Employer’s Liability Exclusion

The record reflects that the decedent was an employee of Executive Property at the time of the August 24, 2001 incident and that he was “on the clock and being paid” at the time of the incident, as reflected in plaintiffs’ responses to requests for admission. Those responses further admit that, at that time, the decedent was helping a customer carry items to the customer’s car ... for the benefit of [his] employer and that the decedent “was performing duties related to the conduct of his employer’s business.” AEIC maintains that, based on these admissions and our jurisprudence interpreting Employer’s Liability exclusions, there is no coverage for plaintiffs’ claims in this matter.
We agree with AEIC that its policy’s Employers’ Liability exclusion bars coverage in this matter, but only insofar as the decedent is “an ‘employee’ of the insured” (emphasis added). The insured under AEIC’s policy is Lake Forest, alone; Executive Property is not a named insured. While AEIC’s Motion for Summary Judgment generally denied that its policy covers Executive Property, it did not specifically raise the “additional insured” issue in its Motion (other than in reply to plaintiffs’ opposition). Nor did plaintiffs file a Motion for Summary Judgment on the issue of Executive Property’s status as an additional insured. Nonetheless, the trial court made a specific finding that AEIC’s policy language |8“which pertains to additional insured [sic] is ambiguous” and its October 9, 2012 judgment expressly denied AEIC’s Motion for Summary Judgment as to “whether Executive Property ... is an ‘additional insured.’ ”[7]
In this appeal, neither party addressed whether the trial court erred in finding the policy language to be ambiguous or whether Executive Property is an additional insured and therefore, the issues are considered abandoned. See Broyard v. Rainer, 03-0128, p. 18 (La.App. 4 Cir. 6/18/03), 850 So.2d 793, 804 (where plaintiff “has not briefed this issue ... in accordance with Rule 2-12.4, we may consider it abandoned”).
For purposes of this appeal, however, assuming that Executive Property is covered under AEIC’s policy as an additional insured, the Employer’s Liability exclusion bars coverage for the claims against it in this lawsuit. The insuring agreement of the policy provides that AEIC will pay those sums which the insured becomes legally obligated to pay as damages because of ‘bodily injury5 or property damage’ to which [the] insurance applies. However, it excludes coverage under the “Employer’s Liability” exclusion, which provides, in pertinent part, that the insurance does not apply to “bodily injury” to:
(1) An “employee” of the insured arising out of and in the course of:
(a) Employment by the insured; or
(b) Performing duties related to the conduct of the insured’s business.
⅝ ⅝ ⅜: ⅜ ⅜ ⅜
| flThis exclusion applies:
*704 (1) Whether the “insured” may be liable as an employer or in any other capacity!;.]
Cases which have considered the exclusion at issue have consistently found it to be clear and unambiguous. See, e.g., Jones v. Thomas, 557 So.2d 1015 (La.App. 4 Cir.1990); Franklin v. J.A. Jones Const. Co., 391 So.2d 1321 (La.App. 4 Cir.1980); Butterfield v. C & M Const. Co., 96-225 (La.App. 3 Cir. 6/5/96), 676 So.2d 659; Vargas v. Daniell Battery Mfg. Co., Inc., 93-2282 (La.App. 1 Cir. 12/29/94), 648 So.2d 1103. We agree that the exclusion is clear and unambiguous. As the decedent was admittedly performing work in the course and scope of his employment, we find that the exclusion bars coverage under AEIC’s policy for the claims asserted against Executive Property.
Plaintiffs contend that the exclusion requires two findings-that the event occurred in the course of the employment or performance of duties related to the employment, and that the event arise out of the employment or employment-related duties. They then maintain that “the refusal to take [the decedent] to the hospital was not an employment-related decision” and as such, the Employer’s Liability exclusion does not apply. Plaintiffs’ contentions are misplaced.
As we noted in Jones, which considered an identical exclusion and also an exclusion for any “obligation for which the insured or any carrier as his insurer may be held liable under any workmen’s compensation” law:[8]
An understanding of the policy in the common ordinary sense supports a finding that the language “to bodily injury to any employee of the insured arising out\mof and in the course of his employment by the insured ...” means any bodily injury whether as a result of negligence or an intentional tort by a third party or a co-employee.
The purpose of a comprehensive general liability policy is to provide coverage for injuries to third persons only-this being the very reason for the exclusions.
Id., 557 So.2d at 1019 (emphasis supplied). Thus, the Jones Court found that the exclusions barred coverage for an altercation between two employees which resulted in injury to one of the employees.
Likewise, in Bryant v. Motwani, 96-1351 (La.App. 4 Cir. 10/30/96), 683 So.2d 880, this Court considered whether an employer’s liability exclusion barred coverage for claims of an employee who alleged that the defendant accused her of theft and verbally abused her, causing her to suffer physical and emotional distress (the opinion does not specify the defendant’s employment position). The defendant was a named insured of a commercial general liability policy which provided coverage for employees except for “bodily injury or personal injury to another employee of the named insured arising out of or in the course of his employment.” Id. at 882. In affirming the trial court’s summary judgment in favor of the insured, this Court found that “[u]nder the plain language of the policy, no coverage is provided for injuries received during the course of employment. The exclusionary clauses contained in the ... policy are not unusual, and summary judgments in favor of insurers have been granted in cases involving similar exclusions.”
*705 Similarly, in Vargas, plaintiff field suit against his employer and its executive officers for injuries related to allegedly intentional lead exposure. The employer’s insurance policy had an employer’s liability exclusion virtually identical to AEIC’s exclusion. The First Circuit, finding that the trial court Incorrectly granted summary judgment to the insurer, noted no ambiguity in the language of the exclusion and found that it barred “any bodily injury whether as a result of negligence or an intentional tort by a third party or a co-employee.” Vargas, 648 So.2d at 1107. See also Davis v. Oilfield Scrap and Equipment Co., Inc., 503 So.2d 674, 676 (La.App. 3 Cir.1987), (the employer’s liability exclusion “denies the employer coverage for bodily injury to an employee arising out of and in the course of his employment with the employer. The intent of this provision is to extend the exclusion from coverage under the policy to all employees who suffer work related injuries, including those not covered under the worker’s compensation statutes. This provision is not ambiguous.”).
Here, there is no issue that the decedent’s alleged injury arose out of and in the course of his employment with Executive Property. As we found in Jones, whether the alleged injury resulted from “negligence or an intentional tort by a third party or a co-employee,” the Employer’s Liability exclusion bars coverage for the claims against Executive Property under AEIC’s policy. We find no merit to plaintiffs’ assertion that the Employer’s Liability exclusion does not apply because the act of refusing to timely bring the decedent to the hospital falls outside the scope of the employees’ employment-related duties.
We also find no merit in plaintiffs’ contention that the Employer’s Liability exclusion is inapplicable because of the parties’ consent to a dismissal of the worker’s compensation proceeding on the grounds that the decedent’s injury is not covered by the Louisiana Worker’s Compensation laws. Plaintiffs maintain that where there is no remedy in Workers’ [sic] Compensation, the employer can be sued under ordinary negligence theory. See, e.g. Hunt v. Milton J. Womack, Inc. |12 616 So.2d 759, 761 (La.App. 1 Cir.1993). (when an injury alleged by a plaintiff “is not ‘one for which he is entitled to compensation under this Chapter,’ the exclusive remedy provisions of the worker’s compensation act do not apply, and the plaintiff may have a cause of action in tort”)(emphasis added).
The issue of whether plaintiffs have a remedy under an “ordinary negligence” theory is not before this Court; no motion for summary judgment was filed as to plaintiffs’ claims against Executive Property. The only motion at issue pertains strictly to the claims against AEIC, as the alleged insurer of Executive Property (and Lake Forest). Whether plaintiffs have a viable tort claim against Executive Property has no bearing on the coverage issues raised by AEIC in its Motion, including the issue of the Employer’s Liability exclusion. We therefore express no opinion as to plaintiffs’ claims against Executive Property or whether it can be sued under an “ordinary negligence theory.” We simply conclude that the Employer’s Liability exclusion operates to bar plaintiffs’ claims against AEIC, as Executive Property’s alleged insurer.

Claims against AEIC as the insurer of Lake Forest

In granting summary judgment to AEIC as the insurer of Lake Forest, the trial court made two findings: (1) that Lake Forest owed no duty to an employee *706 of its lessor,[9] and (2) that “the injuries alleged in the petition did not arise out of any defect or negligence of the landowner.” We agree that summary judgment was properly granted in AEIC’s favor as Lake Forest’s insurer, but for reasons other than those set forth by the trial court.
11sThe only allegations against Lake Forest arise out of its employees’ alleged negligence in failing to timely bring the decedent to the hospital for medical treatment. There are no allegations that Lake Forest’s property was otherwise defective or caused injury to the decedent. Thus, the trial court need not have addressed whether the “decedent’s injuries were caused by a defect ... of the landowner.”
As to the trial court’s finding that the decedent’s injuries “did not arise out of any ... negligence” on Lake Forest’s part, we agree that the record does not substantiate a claim of negligence against Lake Forest and, as such, AEIC, as Lake Forest’s insurer, is entitled to summary judgment. The Petition for Damages generally alleges that the decedent was brought “to the office of Executive Property” where officers and employees of both Executive Property and Lake Forest failed to bring the decedent to the hospital. In their discovery responses (provided on May 16, 2011, nine years after suit was filed), however, when asked to identify “each employee of Lake Forest who had any involvement whatsoever in the August 24, 2001 incident,” plaintiffs responded:
Plaintiffs believe the employees involved in this incident were employees of Executive Property Management Co.
Because plaintiffs’ discovery responses clearly establish no involvement by any Lake Forest employee in the incident, it follows that there can be no liability on Lake Forest’s part, nor coverage under AEIC’s policy. Based on the record before us, plaintiffs have failed to establish facts which would trigger coverage under AEIC’s policy. As previously noted, the insuring agreement of the policy states that AEIC will pay those sums which the insured becomes legally obligated to pay as damages because of ‘bodily injury' or property damage’ to which [the] 1 Uinsurance applies (emphasis added). The insuring agreement further provides that the insurance applies to “ ‘bodily injury’ or ‘property damage’ caused by an occurrence’ that takes place in the coverage territory’ ” and “occurs during the policy period.”[10]
Pretermitting whether plaintiffs have sufficiently alleged facts which fall within the policy’s definition of an “occurrence,” it is clear that AEIC’s policy only provides coverage to those identified by the policy as an “insured.” For Lake Forest, a limited liability company, the policy defines an insured to include the limited liability company, its members “with respect to the conduct of [its] business,” its managers “with respect to their duties as [its] managers,” its “employees ... for acts within the scope of their employment ... or while performing duties related to the conduct of [its] business.”
Again, the only allegations in this matter pertain to the alleged failure to transport the decedent to the hospital or otherwise timely obtain medical treatment for him. Plaintiffs’ discovery responses clearly reflect that no Lake Forest member, *707 manager or employee was involved in any decision concerning the decedent’s care. Necessarily, therefore, no “insured” has been identified for which coverage under the AEIC policy would potentially be triggered. Accordingly, we find that there is no coverage for plaintiffs’ claims against AEIC, as Lake Forest’s insurer, and AEIC is entitled to summary judgment.

Summary Judgment Dismissal of Lake Forest

Lastly, we address whether the trial court erred in dismissing Lake Forest from this action. The trial court’s judgment expressly states that “AEIC’s Motion 11sfor Summary Judgment is GRANTED in favor of Lake Forest ... as the landowner.” While we recognize that Lake Forest may ultimately prevail in a summary judgment motion, the record reflects that the only party to the Motion for Summary Judgment before this Court is AEIC. Lake Forest was not a party to that Motion and did not file a motion on its own behalf.
We agree with AEIC that its liability is dependent on the liability of its insured, and we recognize plaintiffs’ right to sue AEIC directly under the Direct Action Statute. However, neither of these points circumvents the rule that a trial court may grant summary judgment only in favor of the party who moved for summary judgment.
First, La. C.C.Pr. art. 966(B)(2) provides that summary judgment “shall be rendered forthwith” when “there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law” (emphasis added).
Second, our jurisprudence indicates that a trial court “does not have the discretion to grant a motion for summary judgment for a nonmoving party.” Bravo v. Borden, 08-323, p. 8 (La.App. 5 Cir. 11/25/08), 3 So.3d 505, 510, citing Stell v. Louisiana Department of Public Safety, 499 So.2d 1211, 1212 (La.App. 5 Cir.1986). In Bravo, even where the nonmoving party verbally joined in a codefendant’s motion for summary judgment at the hearing, the court found the dismissal of that party to be improper. Similarly, in Cornelius v. Housing Authority of New Orleans, 539 So.2d 1250 (La.App. 4 Cir.1989), this Court found error in a trial court’s granting summary judgment in favor of parties who had not moved for summary judgment.
| 1fi Accordingly, in this matter, because Lake Forest did not move for summary judgment, the trial court was without authority to dismiss it from this case.
CONCLUSION
For the reasons set forth herein, the trial court’s judgment dismissing AEIC is affirmed. We reverse, however, the trial court’s dismissal of Lake Forest and remand this matter to the trial court for further proceedings.
AFFIRMED IN PART, REVERSED IN PART.

. The correct name of Lake Forest is Lake Forest Plaza, LLC, as reflected in plaintiffs’? third amending petition.

. The record reflects that, in connection with a workers’ compensation claim, plaintiffs, Executive Property, Lake Forest and Casualty Reciprocal Exchange (not a party in this lawsuit) entered into a Consent Judgment dated February 3, 2004, by which the parties agrees that the "perivascular injury” sustained by plaintiffs’ father was not a personal injury by accident arising out of and in the course and scope of employment ... and is not compen- *701 sable under the Louisiana Workers’ Compensation Law.

. The record does not reflect that plaintiffs’? Motion for Summary Judgment was has heard or ruled on.

. The record reflects that AEIC filed a Notice of Intent to File Application for Supervisory Writs concerning the trial court’s June 21, 2012 judgment; however, it does not appear that a writ was filed with this Court.

. The trial court’s judgment reflects that the parties consented to a finding that "Intentional Acts” are excluded by the policy. Neither party has raised this finding in this appeal.

. We note that plaintiffs appealed both the June 21, 2012 and the October 9, 2012 judgments in a Motion to Appeal filed on November 26, 2012. Because AEIC and plaintiffs timely filed motions for new trial after the June 21, 2012 judgment was rendered and it was vacated by the October 9, 2012 judgment, only the latter judgment is at issue in this appeal.

. We note that "a memorandum, opposition or brief is not a pleading, and therefore, raising the issue in a memorandum is not the equivalent of raising the issue in an actual pleading or motion.” Perez v. Evenstar, Inc., 12-0941, p. 13 (La.App. 4 Cir. 1/30/13), 108 So.3d 898, 906, quoting Robertson v. Doug Ashy Bldg. Materials, Inc., 10-1552, p. 12 (La.App. 1 Cir. 10/4/11), 77 So.3d 339, 348, writ denied, 11-2468 (La. 1/13/12), 77 So.3d 972.

. The AEIC policy in this case, too, contains a similar "Workers’ Compensation And Similar Laws” exclusion which excludes coverage for "[a]ny obligation of the insured under a workers’ compensation, disability benefits or unemployment compensation law or any similar law.”

. In this regard, the trial court’s judgment extends to AEIC as its insurance policy would be triggered only if there is liability of its insured.

. The policy defines an "occurrence” as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions.”