499 So.2d 1211 (1986)
Herbert W. STELL III
v.
LOUISIANA DEPARTMENT OF PUBLIC SAFETY.
No. 86-CA-411.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1986.
John Peltier, Jr., New Orleans, for plaintiff-appellant.
Michael Barron, Baton Rouge, for defendant-appellee.
Before BOWES, GRISBAUM and WICKER, JJ.
GRISBAUM, Judge.
This appeal concerns an interpretation of civil procedural law. We set aside and remand.
The record shows that the plaintiff, Herbert W. Stell III, filed suit against the Louisiana Department of Public Safety to have it nullify the suspension of his driver's license, to reinstate and return his license, and to expunge all reference to any alleged arrest, conviction, or other action in connection with his allegedly operating a vehicle while intoxicated. Thereafter, the defendant answered, denied the petition, and set out affirmative defenses. Subsequently, the plaintiff filed a motion for summary judgment and a hearing was held on January 10, 1986. Thereafter, on January 27, 1986, the trial court rendered a judgment dismissing the plaintiff's petition for expungement and on January 29 rendered an amended judgment, which dismissed the plaintiff's motion for a summary judgment.
The merits of the plaintiff's claims are extraneous to the issues presented whether the amended judgment is valid and whether the trial court committed error, as a matter of law, by granting a motion for summary judgment to the nonmoving party.
Regarding the validity of the amended judgment, La.C.C.P. art. 1951 provides that "A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or *1212 on motion of any party: (1) To alter the phraseology of the judgment, but not the substance; or (2) To correct errors of calculation." Substance is not alterable by amendment. Our jurisprudence is replete with the holding that "[t]he legal rule is that a final judgment may be amended to change the phraseology, or to correct errors of calculation, but not to change the substance of the judgment." Hebert v. Hebert, 351 So.2d 1199, 1200 (La.1977). That is, "the judgment may be amended by the court where the amendment takes nothing from or adds nothing to the original judgment." Villaume v. Villaume, 363 So.2d 448, 450 (La.1978). The amended judgment here attempts to alter the January 27 judgment by dismissing only plaintiff's "motion for summary judgment" in lieu of dismissing plaintiff's petition outright, which the January 27 judgment had done. Such an amendment obviously is substantive and, as such, is impermissible under La.C.C.P. art. 1951 and the recited jurisprudence. Accordingly, we set aside the January 29 "amended judgment."
The remaining question is whether the trial court has the discretion of granting a motion for a summary judgment for the nonmoving party. We find La.C.C.P. art. 966 obviously contemplates that only the moving party is to receive a summary judgment in its favor by providing, in part, that "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." (Emphasis added) We note the Third Circuit in Abshire v. Hartford Accident & Indem. Ins. Co., 289 So.2d 545, 549 (La. App.3d Cir.1974), writ denied, 293 So.2d 170 (La.1974) has reached the same conclusion, holding, without citation, that a nonmoving defendant cannot be granted a summary judgment. Accordingly, the judgment dated January 27, 1986, which, in effect, by dismissing the plaintiff's petition for expungement, granted a motion for summary judgment in favor of the nonmoving party, is set aside.
For the reasons assigned, the judgments of the trial court dated January 29, 1986 and January 27, 1986 are set aside. This matter is remanded for further proceedings consistent with the views herein expressed. All costs of this appeal are to be assessed against the appellee.
SET ASIDE AND REMANDED.