689 So.2d 544 (1997)
Merlin B. SMITH, et al., Plaintiffs-Appellants,
v.
C.M. BROOKS, et al., Defendants-Appellees.
No. 96-1085.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1997.
*545 William Henry Hallack, Jr., Dennis W. Hallack, Monroe, for Merlin B. Smith, et al.
James Leon Womack, Winnfield, for C.M. Brooks, et al.
Thomas S. Halligan, Baton Rouge, for State of Louisiana.
Before WOODARD, SULLIVAN and GREMILLION, JJ.
SULLIVAN, Judge.
This is a suit to annul two tax sales, one of a fifty-seven acre tract which occurred on March 27, 1987 and the other of a twenty-three acre tract which occurred on June 5, 1989. Plaintiffs-appellants, Merlin B. Smith, Nathan Ed Wilson, and Robert J. McCormick, sued defendants-appellees, C.M. Brooks, Kathleen M. Brooks, Robert M. Brooks, and Paul G. Moak, the tax sale purchasers, alleging that the sales were made without giving the required notice to the mortgagee of the property. The trial court rejected plaintiffs' demand and concluded that the sheriff properly conducted the tax sales in accordance with Louisiana law.
From this judgment, plaintiffs appeal. Because the judgment was improperly rendered before the trial court ever conducted a trial or hearing on plaintiffs' case and was not rendered in response to a dispositive motion filed by defendants, we reverse and remand this case to the trial court.

FACTS
In 1984, International Paper Company sold two tracts of land located in Grant Parish, one measuring 39.79 acres and the other measuring 39.84 acres, along with various other tracts in surrounding parishes, to Louisiana Forest Lands, Incorporated. In 1985, Louisiana Forest Lands mortgaged the two tracts in question along with thirteen other tracts, and executed a promissory note to the order of Louisiana Forest Lands as maker, or any future holder, made payable on demand at American Bank and Trust Company in Baton Rouge. The mortgage, styled as a collateral mortgage, was executed in the sum of $1,000,000.
Louisiana Forest Lands did not pay the 1986 ad valorem taxes on the two tracts of land located in Grant Parish. The Grant Parish Sheriff sent notice of the delinquency to Louisiana Forest Lands. The notice was returned marked "undeliverable." On May 27, 1987, the Sheriff sold fifty-seven acres of the nearly eighty total acres at a tax sale to C.M. Brooks. The tax sale deed was executed on June 1, 1987, and filed in the public records on June 3, 1987.
*546 Louisiana Forest Lands also failed to pay the 1988 ad valorem taxes. The Sheriff delivered notice of the tax delinquency to Louisiana Forest Lands on February 16, 1989. On May 10, 1989, Brooks purchased the remaining twenty-three acres at a tax sale. The tax sale deed was executed on May 10, 1989 and filed in the public records on June 5, 1989.
On September 5, 1989, American Bank and Trust Company obtained a judgment against Louisiana Forest Lands in the Nineteenth Judicial District Court in Baton Rouge. The judgment recognized the collateral mortgage and made the mortgage executory.
In 1990, American Bank and Trust Company was put into receivership by the Federal Deposit Insurance Company. The judgment against Louisiana Forest Lands was eventually obtained by N.A.B. Asset Venture I., L.P. of Houston, Texas. On July 14, 1993, plaintiffs purchased the judgment via an assignment from N.A.B. for $70,000. The assignment was recorded in the Grant Parish public records on July 22, 1993.
Plaintiffs instituted the present litigation on December 3, 1993. In their petition, plaintiffs alleged that the Sheriff's failure to notify American Bank and Trust Company, Louisiana Forest Land's mortgagee, of the delinquency and impending tax sales constituted a violation of the bank's constitutional due process right against deprivation of property without prior notice. Plaintiffs maintained that this failure to give notice rendered the tax sales void ab initio.
On March 23, 1994, plaintiffs filed a motion for summary judgment. A hearing on the motion was conducted on June 27, 1994. On July 12, 1994, the trial court rendered written reasons for judgment denying summary judgment. The trial court reasoned that American Bank and Trust Company qualified as "mortgage holder" under La.R.S. 47:2180.1, the request-notice statute, but had not complied with the statute by filing a request for notice of the tax delinquency. The trial court determined that Barca v. Reed, 93-1081 (La.App. 1 Cir. 4/8/94); 635 So.2d 771, writ granted and remanded, 94-1166 (La.7/5/94); 639 So.2d 1184, controlled the disposition of plaintiffs' motion. In Barca, the first circuit refused to set aside a tax sale in an action by a mortgagee who had not filed a request for notice under La.R.S. 47:2180.1. However, the trial court herein also noted that the supreme court had remanded the Barca case to the trial court to allow the plaintiffs to amend their petition to allege the unconstitutionality of the Louisiana request-notice statutes. Therefore, the trial court granted plaintiffs leave of court to amend their petition to assert the unconstitutionality of La.R.S. 47:2180.1.
Plaintiffs did so and served the Attorney General, who filed a memorandum in support of the statute's constitutionality and a motion to be dismissed as a party defendant. The trial court signed an order dismissing the Attorney General on January 25, 1995.
Plaintiffs filed a second motion for summary judgment based on the alleged unconstitutionality of La.R.S. 47:2180.1. Defendants opposed the motion. The trial court conducted a hearing on the motion on April 3, 1995. At the hearing, plaintiffs argued that the request-notice statutes, which were enacted into law in 1984 in response to Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), were not constitutional because the statutes required mortgage holders to request that their already-existent property rights be honored. Plaintiffs asserted entitlement to notice by virtue of the existence of the property right (mortgage) and that requiring mortgage holders to request notice violated their constitutional right to due process.
Once again, the trial court, in relying on Barca, 635 So.2d 771, denied plaintiffs' motion for summary judgment in written reasons rendered June 27, 1995. The trial court signed a judgment in accordance with these reasons on November 27, 1995.
On February 6, 1996, the trial court signed a second judgment which dismissed plaintiffs' action. The judgment decreed, in pertinent part:
Merlin B. Smith's action to have a Tax Sale made on May 27, 1987 and a Tax Sale made on May 10, 1989 annulled, ... is hereby rejected.
. . . .

*547 That said Sheriff Sale for Ad Valorem Tax being made in accordance with Louisiana Law.
Plaintiffs appeal, specifying that the trial court erred in rendering a judgment against them and in favor of a nonmoving party prior to a trial on the merits and in failing to find that the tax sales were unconstitutional deprivations of property without due process. They assert further that the record is complete enough to allow this court to decide the merits of their claim without first remanding this case to the trial court.

LAW AND OPINION
La.Code Civ.P. art. 1841 provides:
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment.
A review of the substance of the February 6, 1996 judgment reveals that it is final in nature because it rejected plaintiffs' action to annul the tax sales and decreed that the tax sales were properly conducted. To be final, a judgment must determine the merits in whole or in part, and it need not dispose of all contested issues to be appealable. Long v. Alost, 93-1324 (La.App. 3 Cir. 5/4/94); 637 So.2d 167, writ denied, 94-1936 (La.10/28/94); 644 So.2d 377.
The record indicates that neither party filed a motion which could have resulted in a dispositive final judgment between November 27, 1995, the date the trial court signed the judgment denying plaintiffs' second motion for summary judgment, and the signing of the February 6, 1996 judgment. Additionally, the trial court did not conduct a trial or hearing on the merits of plaintiffs' petitions during this period.
The Code of Civil Procedure does not authorize the trial court to render a judgment on the merits in favor of the nonmoving party upon denial of the moving party's motion for summary judgment. In Williams v. Howard, 598 So.2d 1300 (La.App. 3 Cir.1992), the trial court denied the insurer's motion for summary judgment in which the insurer contended that it did not provide uninsured motorist coverage. In the written judgment, the trial court denied the motion and, additionally, ruled that the insurer did provide uninsured motorist coverage. This court set aside the judgment and remanded because the trial court had improperly granted relief not prayed for by a moving party. This rule is applicable to this case.
In so holding, we expressly do not reach the issue of plaintiffs' constitutional challenge to La.R.S. 47:2180.1. The trial court, in the judgment denying plaintiffs' second motion for summary judgment, decided this issue adversely to plaintiffs' position. In doing so, the trial court did not rule on the merits of the claim. It only ruled that plaintiffs were not entitled to summary judgment. Such a judgment is not appealable. La.Code Civ.P. art. 968; Dunn v. Land & Marine Properties, Inc., 609 So.2d 284 (La.App. 3 Cir.1992), writ denied, 614 So.2d 1252 (La. 1993). Plaintiffs' proper remedy was to seek supervisory writs from the denial of their motion for summary judgment. They did not do so. The constitutional issue is therefore not properly before us in this appeal.

DECREE
For these reasons, we reverse the trial court's February 6, 1996 judgment rendered in favor of defendants-appellees, C.M. Brooks, Kathleen M. Brooks, Robert M. Brooks, and Paul G. Moak, and against plaintiffs-appellants, Merlin B. Smith, Nathan Ed Wilson, and Robert J. McCormick. We further remand this case to the trial court for a trial on the merits of all issues raised in the pleadings.
Costs of this appeal are assessed to defendants-appellants.
REVERSED AND REMANDED.