L SULLIVAN, Judge.
Frank Guillory appeals the dismissal of his suit against his former attorney, Jason Robideaux, after the trial court entertained Mr. Guillory’s motion for summary judgment. Because we find that the trial court erred as a matter of law by granting summary judgment in favor of a nonmov-ing party, we must reverse and remand.
Procedural History
On September 15, 1995, Mr. Guillory filed the instant suit against Mr. Robi-deaux for the return of $1,500. Mr. Guillo-ry alleged that he hired Mr. Robideaux to represent him on two counts of first degree murder in St. Landry Parish, for which he initially paid Mr. Robideaux a $7,000 fee. Mr. Guillory alleged that he later paid Mr. Robideaux an additional $1,500 for the purpose of hiring a | ^ballistics expert, but that Mr. Robideaux failed to use the money to obtain the services of such an expert. Mr. Robideaux answered the petition on October 6, 1995, denying all allegations therein and praying for dismissal of the suit at Mr. Guillory’s cost.
On December 11, 1997, the trial court stated in a per curiam order, issued after a scheduling conference, that on February 27, 1998 it would entertain a motion for summary judgment to be filed by Mr. Ro-bideaux. Mr. Robideaux, however, never filed a motion for summary judgment. Mr. Guillory did file such a motion on March 25, 1998. On April 24, 1998, the trial court conducted a hearing on the only motion in the record — Mr. Guillory’s.
In support of his motion, Mr. Guillory introduced copies of three checks: the first made payable to Mr. Robideaux for $7,000; the second made payable to Sherri Poole Gutierrez, the ballistics expert, for $1,500; and the third made payable to Mr. Robi-deaux for $1,500. Mr. Guillory also produced the affidavits of his aunt, who said that she lent Mr. Guillory $1,500 for the purpose of hiring a ballistics expert, and his brother, who said that he delivered his aunt’s check for $1,500 to Mr. Robideaux. At the hearing, Mr. Guillory and Mr. Robi-deaux both testified. After taking the matter under advisement, the trial court dismissed Mr. Guillory’s suit at his cost on May 6, 1998. Mr. Guillory has appealed, arguing numerous assignments of error.
Opinion
We find that we need not address the merits of Mr. Guillory’s assignments because of the trial court’s error in dismissing Mr. Guillory’s suit on his motion for summary judgment. See Stell v. Louisiana Dep’t of Pub. Safety, 499 So.2d 1211 (La.App. 5 Cir.1986). In Stell, the plaintiff filed a motion for summary judgment in his suit for reinstatement of his driver’s license and for expungement of any refer-eneeJAo a DWI on his record. After, a hearing on the plaintiffs motion, the trial court signed a judgment dismissing the plaintiffs suit. The trial court later attempted to correct this'error by signing an amended judgment that dismissed only the motion. The fifth circuit held that (1) the second judgment had to be set aside because it changed the substance of the previous judgment, in violation of La.Code Civ.P. art.1951, and (2) the case had to be •remanded because the first judgment im-permissibly granted summary judgment in favor of the nonmover. The court explained:
We find La.C.C.P. art. 966 obviously contemplates that only the moving party is to receive a summary judgment in its favor by providing, in part, that “The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” (Emphasis added) We note the Third Circuit in Abshire v. Hartford Accident & Indem. Ins. Co., 289 So.2d 545, 549 (La.App. 3d Cir.1974), writ denied, 293 So.2d 170 (La.1974) has reached the same conclusion, holding, without cita *102 tion, that a nonmoving defendant cannot be granted a summary judgment. Accordingly, the judgment dated January 27, 1986, which, in effect, by dismissing the plaintiffs petition for expungement, granted a motion for summary judgment in favor of the nonmoving party, is set aside.
Id. at 1212. Although Article 966 has been amended three times since Stell was decided, we find that those amendments do not address the issue before us today. See also Smith v. Brooks, 96-1085, p. 5 (La.App. 3 Cir. 2/5/97); 689 So.2d 544, 547, where we recognized that the Code of Civil Procedure “does not authorize the trial court to render a judgment on the merits in favor of the nonmoving party upon denial of the moving party’s motion for summary judgment.”
As indicated in its per curiam, the trial court expected that a motion for summary judgment on behalf, of Mr. Robideaux would be forthcoming. However, at the time of dismissal, the only motion in the record had been filed by Mr. Guillory. |4At the hearing on this motion, Mr. Robi-deaux clearly told the trial court, “It’s the plaintiffs motion, Mr. Guillory’s motion, Your Honor.” Under these circumstances, we have no alternative but to reverse the dismissal.
Decree
For the above reasons, the judgment of the trial court dismissing the claims of Frank Guillory is reversed, and the case is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to Jason Robideaux.
REVERSED AND REMANDED.