WALTER J. ROTHSCHILD, Judge.
| ¡.Plaintiffs, Jonathan Bravo, Luis Alcala, and Jose Gallardo, appeal a summary judgment granted in favor of defendants, Benny Borden, Severn Trent Services, Inc. (“Severn”), and Travelers Property Casualty of America (“Travelers”), dismissing all of plaintiffs’ claims in this litigation. They also appeal the denial of their Motion for New Trial. For the following reasons, we reverse the summary judgment granted to Benny Borden. In all other respects, we affirm.

FACTS AND PROCEDURAL HISTORY

This case arises from a motor vehicle accident that occurred on October 28, 2003. Jonathan Bravo was driving a Chevrolet 6000 on Lake Hermitage Road heading east, with Jose Gallardo and Luis Alcala as guest passengers, and Benny Borden was driving a Ford F-650 going west when the *508 two vehicles collided.[1] On |sOctober 28, 2004, plaintiffs filed suit against defendants [2] claiming that they suffered injuries as a result of the accident and alleging that defendants are liable for their damages because: 1) Benny Borden was solely at fault for the accident, 2) Mr. Borden was in the course and scope of his employment with Severn at the time of the accident and Severn was negligent in hiring and supervising Mr. Borden, and 3) Travelers was Severn’s liability insurer at the time of the accident. Defendants answered the suit and denied plaintiffs’ allegations.[3]
On May 22, 2007, Severn and Travelers filed a Motion for Summary Judgment, arguing that all of plaintiffs’ claims against them should be dismissed because the facts are undisputed that the accident was not caused by any fault of Benny Borden and thus, Severn and Travelers cannot be liable for any damages incurred by plaintiffs. The Motion for Summary Judgment was set for hearing on July 2, 2007. Although personal service was effectuated on plaintiffs through their counsel of record on June 1, 2007, no one appeared on plaintiffs’ behalf at the hearing. During the hearing, counsel for Benny Borden stated that Mr. Borden was joining in the Motion for Summary Judgment filed by the other-defendants. Thereafter, the trial judge granted the Motion for Summary Judgment. On July 17, 2007, the trial judge signed a judgment granting the Motion for Summary Judgment and dismissing all of plaintiffs’ claims.
On July 13, 2007, plaintiffs filed a Motion for New Trial, arguing that they were never properly served with the Motion for Summary Judgment and that defendants failed to prove that there are no genuine issues of material fact in this case. The trial judge denied the Motion for New Trial without a hearing, noting |4that the record showed that personal service was made on June 1, 2007. Plaintiffs now appeal.

LAW AND DISCUSSION

In their first assignment of error, plaintiffs assert that the trial court erred in granting the Motion for Summary Judgment filed by Severn and Travelers, because plaintiffs were improperly served at an incorrect address with the motion and notice of the hearing date. They contend that all of the pleadings that had been filed by the plaintiffs listed the address for plaintiffs’ counsel as 4902 Canal St., Suite 201, or 650 Poydras St., Suite 2517, so service of the Motion for Summary Judgment at 1900 West Esplanade Ave., Suite 203, was improper.
Severn and Travelers respond that counsel for plaintiffs was personally served with the Motion for Summary Judgment and notice of the hearing, and that the actual address at which service was made is irrelevant. They further contend that the 1900 West Esplanade Ave., Suit 203, address was in fact an office of plaintiffs’ counsel.
Pleadings may be served by the sheriff on an adverse party through personal service on the party’s counsel of record. LSA-C.C.P. arts. 1314 and 1235. Personal *509 Service is made when a proper officer tenders the citation or other process to the person to be served. LSA-C.C.P. art. 1232. Personal service may be made anywhere the officer making the service may lawfully go to reach the person to be served. LSA-C.C.P. art. 1233.
Under the provisions of LSA-C.C.P. art. 1292, a sheriffs return of service of process shall be considered prima facie correct. While the recitation on the return of service is presumed to be correct, the presumption is rebuttable. Fleming v. Town of Jean Lafitte, 06-877 (La.App. 5 Cir. 3/27/07), 953 So.2d 1053, 1055, mit denied, 07-0977 (La.6/22/07), 959 So.2d 509. The party attacking service must|sprove that, more probably than not, proper service was not made. Hall v. Folger Coffee Co., 03-1734, p. 7 (La.4/14/04), 874 So.2d 90, 97.
In the present case, plaintiffs do not claim either on appeal or in them Motion for New Trial that service was not made. Rather, they claim that the address where it was made was not the address used in their previous pleadings and thus, was not proper. In their brief on appeal, plaintiffs state:
Yet, defendants, Severn Trent Services, Inc. and Travelers Property Casualty of America, served plaintiffs with their motion for summary judgment and notice of the hearing date of its motion for summary judgment at the following incorrect address:
1900 West Esplanade Avenue, Suite 203
Kenner, LA 70065
(Emphasis added.)
The sheriffs return in the record shows that on June 1, 2007, plaintiffs’ counsel was personally served with the Motion for Summary Judgment and notice of the hearing date. Plaintiffs have presented nothing on appeal that would establish that service was improperly made. Thus, plaintiffs have not overcome the presumption that service was proper. Considering the evidence before us, along with the applicable law, we find no merit in plaintiffs’ argument that the Motion for Summary Judgment should not have been granted due to improper service.
Although plaintiffs do not address the merits of the Motion for Summary Judgment on appeal, we consider the merits because we review Motions for Summary Judgment de novo. Even in the absence of an opposition to the motion, the moving party must show that it is entitled to a summary judgment. Baker v. Ingram, 447 So.2d 101 (La.App. 4 Cir.1984).
A Motion for Summary Judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and that mover is | ^entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). Once the Motion for Summary Judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. Penicone v. East Jefferson General Hosp., 98-343 (La.App. 5 Cir. 10/14/98), 721 So.2d 48, 51; Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41. If the mover will not bear the burden of proof at trial, he only need point out to the court that there is an absence of factual support for one or more of the elements essential to the adverse party’s claim. Manning v. Sketchler, 99-1128 (La.App. 5 Cir. 3/22/00), 759 So.2d 869, 872.
Once the mover establishes that there is no factual support for an essential *510 element of the adverse party’s claim, the burden shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentia-ry burden of proof at trial. If he fails to do so, the mover is entitled to summary judgment. Id.
In support of their Motion for Summary Judgment, Severn and Travelers submitted deposition testimony from Jonathan Bravo and Jose Gallardo indicating that neither of these plaintiffs recalls how the accident happened. Mr. Bravo testified that, “I really don’t know what happened.” He stated that after he left the house, he remembers driving but he never saw the other truck and doesn’t know what hit him. He stated that he just remembers waking up after the accident and that the roof was cut off his truck. Jose Gallardo testified that prior to the accident, he was looking out of the window to his right. The first thing he heard was the collision and he looked to the front and saw the truck driven by Mr. Borden. When he first saw the truck, it was striking the front left part of Mr. Bravo’s truck. He then passed out.
17Pefendants also submitted the depositions of Sergeant Timothy Arceneaux and defendant, Benny Borden, in support of their Motion for Summary Judgment. Sergeant Arceneaux testified that, based on his investigation, he believes the accident was primarily caused by Mr. Bravo speeding and secondarily caused by visual obscurements due to the natural curve of the road and the trees. He did not believe that Mr. Borden was at fault. Based on the slide marks on the road, which is a gravel road with shells, he thinks that Mr. Bravo crossed the center of the roadway as he came out of the curve in the road, causing him to strike Mr. Borden’s truck. According to the police report, after the accident, Mr. Bravo and his passengers told the police that they did not know what happened. In Benny Borden’s deposition, he testified that as he was going around a curve in the road, Mr. Bravo’s truck came out of the curve sideways and struck his truck.
In their Motion for Summary Judgment and supporting exhibits, Severn and Travelers pointed out an absence of factual support for plaintiffs’ claims. Therefore, the burden shifted to plaintiffs and it was incumbent upon them to produce factual support sufficient to establish that they would be able to satisfy their evidentiary burden of proof at trial. However, plaintiffs did not respond to the Motion for Summary Judgment or provide any factual support indicating that they could satisfy their burden of proof at trial. Accordingly, summary judgment in favor of Severn and Travelers was properly granted.
In their second assignment of error, plaintiffs argue that the trial court erred when it dismissed Benny Borden from this lawsuit, even though Mr. Borden did not file a Motion for Summary Judgment or any other pleadings seeking dismissal. We agree.
Severn and Travelers filed a Motion for Summary Judgment that was set for hearing on July 2, 2007. Mr. Borden did not file a Motion for Summary Judgment, |sbut at the hearing, counsel for Mr. Borden appeared and stated, “we would just join in that Motion for Summary Judgment.” Thereafter, the trial judge granted the Motion for Summary Judgment and, on July 17, 2007, the trial judge signed a judgment granting the motion and dismissing all of plaintiffs’ claims.
In Stell v. Louisiana Department of Public Safety, 499 So.2d 1211, 1212 (La. App. 5 Cir.1986), this Court held that the trial court does not have the discretion to grant a motion for summary judgment for a nonmoving party. This Court found that *511 LSA-C.C.P. art. 966 obviously contemplates that only the moving party is to receive a summary judgment in its favor if it makes the required showing.
In Guillory v. Robideaux, 98-1314 (La. App. 3 Cir. 3/24/99), 733 So.2d 100,101, the Third Circuit, citing Smith v. Brooks, 96-1085, p, 5 (La.App. 3 Cir. 2/5/97), 689 So.2d 544, 547, noted that the Louisiana Code of Civil Procedure does not authorize a trial court to render a judgment on the merits in favor of a nonmoving party upon denial of the moving party’s motion for summary judgment. See also Abshire v. Hartford Accident and Indem. Ins. Co., 289 So.2d 545, 549 (La.App. 3 Cir.1974), writ denied, 293 So.2d 170 (La.1974), in which the Third Circuit found that a party who did not move for summary judgment could not be granted summary judgment.
In the present case, Mr. Borden did not file a Motion for Summary Judgment prior to the hearing. Although Mr. Borden moved for summary judgment at the hearing, plaintiffs were entitled to notice prior to the hearing that Mr. Borden was seeking summary judgment in his favor. Accordingly, we find that the trial court erred in allowing Mr. Borden to “join” in the other defendants’ Motion for Summary Judgment at the hearing, and we reverse the summary judgment insofar as it dismissed plaintiffs’ claims against Mr. Borden.
|flIn their third and final assignment of error, plaintiffs contend that the trial court erred when it denied plaintiffs’ Motion for New Trial without providing plaintiffs with a hearing on the motion. They claim that the trial court failed to afford plaintiffs with an opportunity to present appropriate evidence to controvert or overcome the presumption created by the completed sheriffs return of service.
A Motion for New Trial may be summarily denied in the absence of a clear showing in the motion of facts or law reasonably calculated to change the outcome or reasonably believed to have denied the applicant a fair trial. Lopez v. WaV-Mwrt Stores, Inc., 94-2059, (La.App. 4 Cir. 8/13/97), 700 So.2d 215, 220, writ denied, 97-2522 (La.12/19/97), 706 So.2d 457.
In their Motion for New Trial, plaintiffs asserted that they were not properly served with the Motion for Summary Judgment, but they did not explain why or how service was improper. In denying the request for a hearing on the Motion for New Trial, the trial judge noted that the record reflected personal service on June 1, 2007. In addition, although plaintiffs argued in their motion that defendants failed to establish that there were no genuine issues of material fact, they did not set forth any evidence to show that genuine issues of material fact existed or that they could meet their burden of proof at trial.
In their Motion for New Trial, plaintiffs failed to set forth any facts or law that would be reasonably calculated to change the outcome or reasonably believed to have denied plaintiffs a fair trial on the Motion for Summary Judgment. Accordingly, we find no error in the trial court’s denial of plaintiffs’ Motion for New Trial without conducting a hearing.

DECREE

For the foregoing reasons, we affirm the summary judgment granted in favor of Severn and Travelers, and we affirm the summary denial of plaintiffs’ Motion | infor New Trial. We reverse the summary judgment granted in favor of Benny Borden and remand the case for further proceedings.

AFFIRMED IN PART; REVERSED IN PART.

. The makes and models of the vehicles were derived from the police report.

. In addition to the defendants previously listed in this opinion, plaintiffs filed suit against Louisiana Service Corporation ("LSC”) alleging that LSC is liable for their damages because it was the owner of the truck driven by Mr. Borden at the time of the accident and LSC allowed the truck to be driven by an inexperienced driver. LSC is not a party to this appeal.

.Mr. Borden also filed a separate lawsuit against Travelers, which was consolidated with plaintiffs’ lawsuit.