NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 14-547

SALAMANDER LAND, LLC AND

SHS INVESTMENTS, LLC

VERSUS

JANE RENEE JOHNSON SMITH, ET AL.

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 64,615
HONORABLE STEPHEN BRUCE BEASLEY, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Billy Howard Ezell, Judges.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

**Michael Stephen Coyle**
**Attorney at Law**
**P. O. Box 636**
**Ruston, LA 71273-0636**
**(318) 254-8200**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
**Jane Renee Johnson Smith**
**Trentice Johnson, Jr.**
**Robert Hugh Johnson**
**Martha Ann Hardee Languirand**
**Hugh Clark Hinton**
**Samual Jackson Hinton**

**John M. Madison, Jr.**
**Wiener, Weiss & Madison**
**P. O. Box 21990**
**Shreveport, LA 71120-1990**
**(318) 226-9100**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Salamander Land, LLC**
**SHS Investments, LLC**

**William Roby Jones**
**Jones & Adams**
**P. O. Box 598**
**Coushatta, La 71019-0598**
**(318) 932-4011**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Salamander Land, LLC**
**SHS Investments, LLC**

**EZELL, Judge.**

Jane Smith, Trentice and Robert Johnson, Martha Ann Languirand, and Hugh and Samual Hinton (hereinafter collectively referred to as "the Defendants") appeal the decision of the trial court below dismissing their reconventional demands against Salamander Land, LLC and SHS Investments, LLC ("Salamander"). For the following reasons, we hereby reverse the decision of the trial court, in part, and remand for further proceedings.

Salamander filed the current suit, seeking a declaratory judgment stating that it was the sole owner of two tracts of immovable property in Sabine Parish that had been subject to a sale in 1947. During the course of the suit, the Defendants filed reconventional demands to collect their alleged share of timber, oil, and gas revenues derived from the property at issue. The Defendants filed a motion for summary judgment seeking to have Salamander's claims dismissed. The trial court rendered judgment denying the Defendants' motion for summary judgment. That decision has not been appealed. However, the trial court went on to dismiss the Defendants' reconventional demands and declare Salamander the owner of the tracts to the exclusion of the Defendants. From that decision, the Defendants appeal.

The Defendants assert as their lone assignment of error that the trial court erred in rendering judgment in favor of Salamander without trial or a pending motion for summary judgment filed by Salamander. We agree.

As noted in *Burrows v. Executive Prop. Mgmt. Co.*, 13-914, pp.15-16 (La.App. 4 Cir. 3/12/14), 137 So.3d 698, 707:

> First, La. C.C.Pr. art. 966(B)(2) provides that summary judgment "shall be rendered forthwith" when "there is no genuine

issue as to material fact, and that *mover* is entitled to judgment as a matter of law" (emphasis added).

Second, our jurisprudence indicates that a trial court "does not have the discretion to grant a motion for summary judgment for a nonmoving party." *Bravo v. Borden*, 08–323, p. 8 (La.App. 5 Cir. 11/25/08), 3 So.3d 505, 510, citing *Stell v. Louisiana Department of Public Safety*, 499 So.2d 1211, 1212 (La.App. 5 Cir.1986). In *Bravo*, even where the nonmoving party verbally joined in a codefendant's motion for summary judgment at the hearing, the court found the dismissal of that party to be improper. Similarly, in *Cornelius v. Housing Authority of New Orleans*, 539 So.2d 1250 (La.App. 4 Cir.1989), this Court found error in a trial court's granting summary judgment in favor of parties who had not moved for summary judgment.

Moreover, in *Guillory v. Robideaux*, 98-1314, p.3 (La.App. 3 Cir. 3/24/99), 733 So.2d 100, 101, this court, quoting *Smith v. Brooks*, 96-1085, p.5 (La.App. 3 Cir. 2/5/97), 689 So.2d 544, 547, noted that the Louisiana Code of Civil Procedure "'does not authorize the trial court to render a judgment on the merits in favor of a nonmoving party upon denial of the moving party's motion for summary judgment.'"

We recognize that, based on the evidence in the record and the trial court's prior determination, Salamander is likely to prevail in a motion for summary judgment, should one ever be filed. However, the record is clear that the only parties to any motion for summary judgment are the Defendants. Salamander did not file a motion for summary judgment on its own behalf, or any other motion seeking the dismissal of the Defendants' reconventional demands. Salamander merely responded to the Defendants' motion. Accordingly, because Salamander did not move for summary judgment, the trial court was without authority to dismiss the Defendants' reconventional demands.

We hereby reverse the decision of the trial court insofar as it dismissed the Defendants' reconventional demand against Salamander and declared Salamander

the owner of the property.  We remand this case to the trial court for further proceedings in accordance with our decision.  The judgment is affirmed in all other respects.  Costs of this appeal are hereby assessed against Salamander.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Uniform Rules—Courts of Appeal.  Rule 2–16.3.