GOTHARD, Judge.
Plaintiffs, Ben A. Seale, L.J. Boudreaux, and Claude J. Autin, D/B/A Ja-Bob Investment Company (hereinafter “Seale, et al.”) filed suit to recover payments due on three promissory notes. Defendant, Peter J. Abadie, Jr., filed exceptions of res judicata and prescription. After a hearing, the trial court granted the exception of res judicata and ruled that the exception of prescription was moot as a result. This appeal followed. We affirm the decision of the trial court.
On January 23, 1989, February 21, 1989 and March 9, 1989, Waste Consultants, Inc., entered into three loan agreements with Investors Bank and Trust Co. (hereinafter Investors). Abadie was guarantor on all notes, and he endorsed two of the three promissory notes.
It is alleged that the last payment made on the notes was on December 14, 1989. After Waste Management and Abadie defaulted on the notes, Investors filed suit against both parties in the 24 th Judicial District Court. A default judgment was obtained against Waste Management only.
In March of 1991, and after suit was filed, Investors sold the three promissory notes to the plaintiffs.
| aSubsequent to the sale, the Commissioner of the Financial Institutions of the State of Louisiana found Investors to be insolvent, and in November of 1992, the *973 Federal Deposit Insurance Corporation (“FDIC”) was appointed receiver for Investors. FDIC entered Investor’s suit as a substitute party and filed to have the suit removed to Federal Court.
Plaintiffs assert that in March of 1993, they became aware that the FDIC was a substitute party and that the proceeding had been removed to Federal Court. In November of 1993, Seale, et al. filed a motion in Federal Court to be substituted as parties plaintiff in the removed action, which was denied. In reasons, the federal judge stated that:
Movants aver that they were unaware that the FDIC had been substituted as plaintiff. They do not, however, deny knowledge of the subject matter of the litigation. Nonetheless they did nothing to assert their rights, either in the state proceedings or before this Court. Mov-ants now ask that they be substituted as plaintiffs for the FDIC, as they are the real parties in interest. Substitution under these circumstances is committed to the sound discretion of the Court. Fed. R. Civ. Proc. 25(c). This matter has been pending for over three years and was scheduled to be tried on September 30, 1993. Trial is currently set for March 24, 1994. Substitution at this juncture would disrupt both the Court’s calendar and defendant’s preparation for trial.
FDIC filed a motion to remand the matter back to state court, alleging lack of subject matter jurisdiction. This motion was also denied, the court reasoning in part that:
Since Investors was a proper party to this action despite the assignment, the FDIC, as receiver for investors, is also a proper party. Given that the FDIC is a proper party to this lawsuit, removal was proper.
Pursuant to joint motion by FDIC and Abadie, on March 17, 1994, the federal suit was dismissed with prejudice. On September 13, 1994, Seale filed this suit against Abadie in the 24th Judicial District Court.
On appeal, plaintiffs allege that the trial judge erred in finding that the doctrine of res judicata operated to bar this suit against Abadie.
Res judicata operates to bar a second suit by and against the same parties on the same issues as was raised in a first suit. La. R.S. 13:4231. Identity of parties does not mean the parties must be the same physical or material parties, but they must appear in the suit in the same quality or capacity. Morris v. Haas, 95-75 (La.App. 5 Cir. 5/30/95), 659 So.2d 804, writ denied, 95-2519, 95-2545 (La.12/15/95), 664 So.2d 441.
Once a suit is instituted, the filing party continues as the plaintiff, despite a subsequent transfer of interest in the subject matter of the suit.
La. C.C.P. Art. 807 provides that:
When a party to an action transfers an interest in the subject matter thereof, the action shall be continued by or against such party, unless the court directs that the transferee be substituted for or joined with the transferor.
Federal Rule of Civil Procedure '25(c) provides that:
In the case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original action.
Under the rules for civil procedure for both the State and the Federal Courts, Investors continued as the plaintiff in the suit on the promissory notes after the sale to Seale, et al. At issue in this appeal is the effect of | ¡^Investors subsequent insolvency and the involvement of the FDIC to the parties.
12 U.S.C. § 1821(d)(2)(A)(i)provides that:
The [FDIC] shall, as conservator or receiver, and by operation of law, succeed to — all rights, titles, powers, and privileges of the insured depository institution, and of any stockholder, mem *974 ber, accountholder, depositor, officer, or director of such institution with respect to the institution and the assets of the institution!.]
The FDIC, as receiver, “steps into the shoes” of the failed financial institution. O’Melveny & Myers v. F.D.I.C., 512 U.S. 79, 86, 114 S.Ct. 2048, 2054, 129 L.Ed.2d 67 (1994). The FDIC succeeded to the assets, rights and liabilities of the failed Investors and was entitled to continue the suit instituted by Investors, despite the transfer of interest in the promissory notes. Thus, the trial court did not err when it ruled that:
This court finds that Seale is a successor in interest of Investors Bank and FDIC. Therefore, this instant case is between the same parties, in the same capacity and for the same cause of action as in the previous case, Investors Bank and Trust Co., v. Waste Consultants, Inc., et al, Number 407-766, Division H of the 24 th Judicial District Court which was jointly dismissed with prejudice in Federal Court.
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against plaintiffs/appellants.
AFFIRMED.