881 So.2d 122 (2004)
Ferdinand F. VALTEAU Jr., et al.
v.
MELLON MORTGAGE COMPANY.
Chase Mortgage Company-West
v.
Barbara Hubbard Valteau, et al.
Nos. 2003-CA-2056, 2003-CA-2057.
Court of Appeal of Louisiana, Fourth Circuit.
July 21, 2004.
Ferdinand F. Valteau III, New Orleans, LA, for Plaintiffs/Appellants.
George B. Dean, Jr., Dean Morris, LLP, Monroe, LA, for Defendant/Appellee.
(Court composed of Judge JAMES F. McKAY, III, Judge TERRI F. LOVE, and Judge MAX N. TOBIAS, JR.).
MAX N. TOBIAS, JR., Judge.
The defendants/appellants, Barbara Hubbard Valteau and Ferdinand Valteau, Jr., (hereinafter "the Valteaus"), appeal from a summary judgment granted in favor of the plaintiff/appellee, Chase Mortgage Company-West (hereinafter "Chase"), formerly known as ("f/k/a") Mellon Mortgage Company (hereinafter "Mellon"). After a review of the record and the applicable law, we affirm the judgment.
*123 On 15 June 1979, the Valteaus executed a note in the amount of $53,850.00 payable to Carruth Mortgage Corporation (hereinafter "Carruth") and secured by a mortgage affecting the property located at 4977 Lafon Drive, New Orleans, Louisiana. On 30 July 1979, the note and mortgage were assigned to the Federal National Mortgage Association ("Fannie Mae"), which in turn appointed Mellon as its servicing agent.[1]
Following a series of difficulties in the servicing of the loan by Mellon, the Valteaus and their children filed a petition for damages, temporary restraining order, preliminary injunction, and permanent injunction against Mellon. The damage suit alleged that Mellon intentionally and/or negligently administered the Valteaus' escrow account, causing them physical and mental injury, pain, anguish, distress, inconvenience, and related medical expenses. On 20 July 2000, Chase, as successor by merger with Mellon, filed a suit on the note with recognition of the mortgage against the Valteaus for their failure to pay the loan. The two cases were consolidated by the district court.
Chase filed two motions for partial summary judgment. The first sought to dismiss the personal injury claims against it and the second was to obtain a judgment on the outstanding balance of the note, as well as recognition of the mortgage. On 25 October 2002, the trial court denied Chase's motion for partial summary judgment seeking to dismiss the personal injury claims. Chase filed a supervisory writ of review with this court. On 26 February 2003, this court granted the writ, reversed the trial court, and rendered summary judgment dismissing the Valteaus's suit for damages.[2]
On 30 October 2002, the trial court granted Chase's motion, and rendered judgment in its favor, in the principal amount of $37,591.56. In addition, the trial court ordered that the mortgage securing the debt was recognized and declared enforceable in accordance with law, which mortgage encumbered the property located at 4977 Lafon Drive. It is from this judgment that the Valteaus appeal.
The principal assignment of error by the Valteaus is that the trial court erred by granting summary judgment because Chase it is not the holder of the note in question. It is undisputed that the Valteaus have not made monthly payments on the loan since July 1998. In addition, the record does not reveal that the Valteaus have alleged any fraud or defect in the mortgage note; their only objection concerns Chase as a "holder" of the note.
The corrected affidavit filed into the record in support of Chase's motion for summary judgment states that Chase f/n/a Mellon has the "responsibility for servicing, administering, collecting and foreclosing" the mortgage loan in question. The Valteaus have not refuted this sworn statement. They merely contend that because the note was not formally assigned or indorsed to Chase, Chase cannot proceed with the action at issue.
We note that the Valteaus have never contested Mellon's legal authority to collect the mortgage payments and/or service *124 the loan at issue, which Mellon has done since 1979. In fact, in their own petition for damages, the Valteaus contend that Mellon "at all relevant times mentioned [is] the mortgagor or mortgage lender on the piece of property located at 4977 Lafon Dr., New Orleans, Louisiana." Although this statement is factually incorrect, it is evidence of the Valteaus' recognition of Mellon's authority. As it is undisputed that Chase is the successor by merger to Mellon, which was the successor to Carruth, we find that this assignment of error is without merit.
We also reject all other assignments of error set forth by the Valteaus. The promissory note's endorsement by Carruth to Fannie Mae is proof that Fannie Mae is the current holder of the note. Chase is not the "holder" of the instrument in question and there has not been a transfer by Fannie Mae to Chase. As servicing agent for Fannie Mae, Chase has the responsibility for servicing, administering, collecting, and foreclosing on the mortgage loan. This duty is not strictly personal to Fannie Mae or non-assignable to Chase. See La. C.C. art. 3023. Thus, Chase has procedural capacity to sue to enforce the rights of Fannie Mae. See La. C.C.P. art. 694. As the mandatary and agent, Chase may perform all acts that are incidental to or necessary for the performance of its obligations to Fannie Mae. See La. C.C. art. 2995. These acts include servicing the debt and filing the instant suit to collect the outstanding debt on the note and recognition of the mortgage against the Valteaus.
Based on the foregoing, we affirm the summary judgment rendered in favor of Chase.
AFFIRMED.
NOTES
[1] The records of the Louisiana Secretary of State indicate that Carruth is the previous name of Mellon, which, in turn, is the previous name of Chase. A "servicing agent" is defined as the person responsible for receiving any scheduled, periodic payments from a borrower. 42 U.S.C.A. § 4003(a). We understand the servicing agent to be the mandatary of the principal, in this case Fannie Mae.
[2] Valteau v. Mellon Mortgage Company, 2002-CA-2524, unpub. (La.App. 4 Cir. 2/26/03), 838 So.2d 946 (Table).