MADELINE JASMINE, Judge Pro Tempore.
 

 Lin this suit to enforce a promissory note and mortgage via ordinary process, defendant Carey Carter Celestin (Celestin) appeals the trial court’s grant of summary judgment in favor of plaintiff, Wells Fargo Bank, N.A. (Wells Fargo).
 
 [1]
 
 On appeal, Celestin argues that the trial court erred in granting summary judgment because:
 

 1) genuine issues of material fact exist as to whether plaintiff is entitled to litigious redemption;
 

 2) genuine issues of material fact exist and a legitimate dispute as to the exact monetary amount sued for herein and claimed to be owed to Wells Fargo;
 

 3) genuine issues of material fact exist as to who is the actual holder of the lost promissory note sued for herein;
 
 *636
 
 |s4) genuine issues of material fact exist as to whether Wells Fargo has the right of action to enforce this lawsuit.
 

 For the following reasons, we find no merit to the assignments of error, and affirm the trial court’s judgment in favor of Wells Fargo.
 

 The record reveals that on September 24, 1993, Celestin executed a certain note agreement, originally in favor of Deep South Mortgage Company, Inc., in the original principal amount of $117,000.00 with a fixed interest rate of 7.375% per annum until paid.
 
 [2]
 
 The note was secured by a mortgage of the same date affecting certain property in Jefferson Parish, Louisiana, owned by Celestin.
 

 On the same day, the note and mortgage was assigned by Deep South to Empire of America Realty Credit Corp. (Empire). On February 3, 1998, the note and mortgage was assigned from Empire to GE Capital Mortgage Services, Inc, which later merged with another company to become GE Mortgage Services, LLC (GE).
 

 The plaintiffs suit alleges that Celestin defaulted on the aforementioned note by failing to make monthly payments when due, and that the loan was currently due for the September 1, 2000 installment and all subsequent installments.
 

 On March 7, 2001, plaintiff Wells Fargo filed this suit against Celestin to enforce the promissory note. Therein, Wells Fargo alleged that it was the holder of the note. Celestin answered the suit with general denials. Wells Fargo moved for summary judgment on June 27, 2001, which Celestin opposed. Celestin also filed a supplemental answer, challenging, among other things, Wells Fargo’s status as a 14hoIder of the note. This first Motion for Summary Judgment was denied on August 21, 2001.
 
 [3]
 

 Thereafter, Wells Fargo and GE Capital Mortgage Services, Inc., moved to correct/substitute GE as the proper party plaintiff in this suit, alleging that GE, not Wells Fargo, was the holder of the note, Wells Fargo being the servicer of the note and mortgage. This substitution was granted.
 

 GE moved for a second summary judgment on April 16, 2003, alleging that the issues of material fact challenged by Celes-tin in the previous Motion had been addressed and corrected, namely GE’s status as holder of the note. The Memorandum also noted that Celestin had not set forth any specific facts that would preclude summary judgment, nor had he raised any affirmative defenses to the suit. Celestin opposed this Motion also, arguing procedural issues (lack of a prayer for specific relief) and factual issues (the exact amount sued for herein).
 

 The record indicates that this Motion for Summary Judgment came for hearing on July 16, 2003, and was denied in a written judgment dated August 20, 2003. Again, no transcript of the hearing appears in the record, nor do reasons for judgment.
 

 On May 18, 2005, GE and Wells Fargo moved to substitute the party plaintiff to Wells Fargo, asserting that GE did, in fact, assign the note in question to Wells Fargo. The substitution was granted. Thereafter, Wells Fargo again moved for Summary Judgment on July 25, 2005, noting all evidence attached to previous motions for summary judgment, and further attaching an affidavit that Wells Fargo
 
 *637
 
 argued established the exact amount owed by Celestin on the note. This motion was ultimately set for hearing on August 14, 2007. Celestin opposed the Motion, arguing in his Opposition that genuine issues of material fact remained |fias to whether the sale and assignment of the note from GE to Wells Fargo was the sale of a litigious right under LSA-C.C. art. 2652 and whether Celestin was entitled to litigious redemption; he alleged issues of material fact remained regarding the amount owed; and he alleged genuine issues of material fact remained regarding whether Wells Fargo was the actual holder of the promissory note sued for herein.
 

 Celestin issued Interrogatories to Wells Fargo and Requests for Production of Documents in conjunction with his Opposition to the third Motion for Summary Judgment. In response, Wells Fargo asserted that their aforementioned “assignment of the note” was erroneous; that GE had only assigned to Wells Fargo the servicing rights to the note, pursuant to a “Servicing Rights Purchase and Sale Agreement” between GE and Wells Fargo, and that Wells Fargo did not purchase the note in question and thus was not the holder of it, and that GE remained the holder of the note. Wells Fargo attached portions of this Agreement to their responses to the Interrogatories.
 
 [4]
 

 This third Motion for Summary Judgment was denied on August 28, 2007.
 

 On December 13, 2007, Wells Fargo filed the Motion for Summary Judgment that is the subject of this appeal. Therein, Wells Fargo argued that all issues raised by Celestin had been addressed and alleviated, and submitted evidence in support thereof. Celestin again opposed the Motion. The matter was submitted, and summary judgment was granted in favor of Wells Fargo on April 30, 2008. Celestin filed this appeal.
 

 Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). The party bringing the motion bears the burden of | (¡proof; however, where the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim. LSA-C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to show that he will be able to meet his evidentiary burden of proof at trial, no issue of material fact exists and the moving party is entitled to summary judgment.
 
 Id.
 
 Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.
 
 Pizani v. Progressive Ins. Co.,
 
 98-225 (La.App. 5 Cir. 9/16/98), 719 So.2d 1086. The decision as to the propriety of a grant of a Motion for Summary Judgment must be made with reference to the substantive law applicable to the case.
 
 Sun Belt Constructors, a Div. of MCC Constructors, Inc. v. T & R Dragline Service, Inc.,
 
 527 So.2d 350 (La.App. 5 Cir. 1988).
 

 In a suit on a promissory note, the plaintiff must merely produce the note in question to make out a prima facie case. The burden then shifts to the defendant to prove any affirmative defenses.
 
 Colonial
 
 
 *638
 

 Mortg. & Loan Corp. v. James,
 
 01-0526 (La.App. 4 Cür. 3/6/02), 812 So.2d 817, 820, citing;
 
 Merchants Trust and Sav. Bank v. Olano,
 
 512 So.2d 1218 (La.App. 5 Cir. 8/26/87).
 

 In his first assignment of error, Celestin argues that genuine issues of material fact exist as to whether plaintiff is entitled to litigious redemption. Celestin argues that GE assigned its litigious rights in the promissory note and mortgage to Wells Fargo.
 

 In support of its Motion for Summary Judgment, Wells Fargo acknowledged Cel-estin’s contention that the “assignment” from GE to Wells Fargo was the sale of a litigious right. Wells Fargo contended, however, that the “assignment” in question from GE to Wells Fargo was merely the assignment of the servicing rights |7to the note, not the ownership of the note. In support of its position, Wells Fargo referenced the “Servicing Rights Purchase and Sale Agreement,” portions of which it had submitted with a previous Motion for Summary Judgment. Wells Fargo noted that confusion had stemmed from the recordation of an erroneous instrument that purported to transfer the promissory note from GE to Wells Fargo, dated March 2, 2005 and recorded on May 8, 2005. Wells Fargo asserted that this instrument had been prepared and recorded in error, and that GE had obtained and recorded an Act of Notarial Correction in order to cure the error, which it submitted.
 

 This Act of Notarial Correction was prepared by the notary who originally passed the “Notarial Endorsement and Assignment of Mortgage Note” on March 2, 2005, which purported to reflect the transfer of this mortgage note from GE to Wells Fargo. The only transfer between GE and Wells Fargo regarding this note, asserted the notary, was the servicing rights.
 

 Wells Fargo also attached two affidavits to the Motion for Summary Judgment. The first was executed by GE, whose representative attested that the note in question was never transferred to Wells Fargo, nor was it ever intended that it be transferred, contrary to the erroneous assignment document. Further, GE attested that GE was not paid for, and accepted no consideration for an assignment of this promissory note to Wells Fargo, as no assignment was contemplated, intended, or performed. GE attested that the assignment was intended to memorialize the transfer of servicing rights only, and that an Act of Correction
 
 [5]
 
 had been subsequently executed and recorded by the same notary who closed the original erroneous assignment.
 

 |/The second affidavit was executed by Dianna Hudgins of Wells Fargo, who attested that only the servicing rights to the Celestin loan were transferred via the Purchase and Sale Agreement; that she had reviewed the document entitled “Notarial Endorsement and Assignment of Mortgage” dated March 2, 2005, noting that it was erroneous in that it purported to transfer ownership of the note. She attested that no such purchase was ever made or agreed upon between the parties GE and Wells Fargo, that Wells Fargo paid no consideration to GE to purchase this note, nor had Wells Fargo at any time held the promissory note. She further attested that she reviewed the Act of Notarial Correction, and that the same appeared to correctly describe the extent of the assignment of servicing rights. The affidavit further itemized the amount owed by Celestin on the note.
 

 
 *639
 
 Celestin opposed this part of the Motion by arguing, with no evidence or law in support, that notwithstanding the Act of Notarial Correction, the assignment of the servicing rights to Wells Fargo was the assignment of a litigious right under LSA-C.C. art. 2652, and that Celestin was entitled to assert his right of litigious redemption.
 

 A “servicing agent” is defined as the person responsible for receiving any scheduled, periodic payments from a borrower. 42 U.S.C.A. § 4003(a). The court in
 
 Valteau, v. Mellon Mortg. Co.,
 
 03-2056 (La.App. 4 Cir. 7/21/04), 881 So.2d 122, described a servicing agent as a manda-tary for a principal. A mandate is a contract by which a person, the principal, confers authority on another person, the mandatary, to transact one or more affairs for the principal. LSA-C.C. art. 2989. Wells Fargo performs the servicing of this note on behalf of GE, who remains the holder of this note (see discussion below). Celestin has failed to come forward with any facts that counter Wells Fargo’s assertions in the supporting affidavits that it is merely the servicing agent for this note.
 

 | Jn his second assignment of error, Celestin argues that genuine issues of material fact exist regarding the exact amount owed, because at least one item says “estimated.” He further states, without elaboration, that “numerous charges” were not incurred by Wells Fargo and cannot be substantiated by them.
 

 In the affidavit by Dianna Hudgins of Wells Fargo, submitted in support of this Motion, she sets forth the various amounts owed by Celestin on this note, based upon her personal knowledge and belief and upon her view of the business records of Wells Fargo. Out of a total of $192,150.77, only one item worth $794.00, was estimated (Foreclosure/Attorney’s fees and costs through November 12, 2007).
 

 We find that Wells Fargo bore its burden of proof in this regard, and that Celes-tin’s assertions without supporting proof have failed to raise issues of material fact regarding the amount of the debt. Further, the fact that Wells Fargo may not have incurred various charges itself does not defeat summary judgment. Wells Fargo, as servicing agent since 2004, enforces the rights of its principal, GE.
 

 In his third and fourth assignments of error, Celestin argues that genuine issues of material fact exist as to who is the actual holder of the lost promissory note sued for herein, and that genuine issues of material fact exist as to whether Wells Fargo has the right of action to enforce this lawsuit.
 

 Celestin argues that the pleadings, as amended and construed, state that Wells Fargo is the holder of the promissory note, while Wells Fargo’s affidavit submitted in support of this Motion states that at no time has Wells Fargo ever held the aforementioned promissory note, and further, that GE’s affidavit states that GE “held” the subject promissory note. He argues that the pleadings conflict with the affidavits and thus there is a genuine issue of material fact as to who is the holder of the note.
 

 |inWe disagree that this remains a genuine issue of material fact. The affidavits, submitted in support of this Motion and executed by GE and Wells Fargo, individually, are in agreement that GE is the holder of the note and that Wells Fargo was assigned servicing rights only, and that Wells Fargo has never been the holder of the note. Further, the Act of Notarial Correction by the notary who passed the first erroneous act of assignment conclusively establishes that GE is the holder of the note, contrary to Celestin’s arguments.
 

 
 *640
 
 Celestin also argues that a genuine issue of material fact remains as to whether Wells Fargo has the right to enforce this lawsuit. Celestin argues that Wells Fargo contends it is only a servicing provider but has refused to provide a complete copy of the servicing agreement.
 

 We find no merit to this assignment of error. Both GE and Wells Fargo have attested in the affidavits submitted with this Motion that Wells Fargo was assigned the servicing rights to this note. As servicing agent, Wells Fargo has procedural capacity to sue to enforce the rights of GE.
 
 Valteau v. Mellon Mortg. Co.,
 
 03-2056 (La.App. 4 Cir. 7/21/04), 881 So.2d 122.
 

 Accordingly, we affirm the judgment of the trial court.
 

 AFFIRMED.
 

 [1]
 

 . Three previous Motions for Summary Judgment filed by plaintiff were denied, as outlined below.
 

 [2]
 

 . It is alleged in the suit that the original note was lost; however, a copy of the original note was attached to pleadings and is found in the record.
 

 [3]
 

 . The record contains no hearing transcripts, nor reasons for judgment.
 

 [4]
 

 . On November 24, 2004, GE Mortgage Services entered in to a "Servicing Rights Purchase and Sale Agreement” with defendant Wells Fargo, whereby Wells Fargo was provided the servicing rights to the note.
 

 [5]
 

 . The aforementioned Act of Notarial Correction.