U S BANK NATIONAL ASSOCIATION NOT ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE NRZ PASSS-THROUGH TRUST XVI

VERSUS

MARC GERARD BARBE A/K/A MARC G. BARBE A/K/A MARC BARBE, ET AL

NO. 25-C-271

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Tran
First Deputy, Clerk of Court

July 03, 2025

Linda Tran
First Deputy Clerk

**IN RE** MARC G. BARBE AND RENADA A. EASTLING BARBE

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JUNE B. DARENSBURG, DIVISION "C", NUMBER 780-038

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and E. Adrian Adams, Pro Tempore

**WRIT DENIED**

Relators, Marc G. Barbe and Renada A. Eastling Barbe, representing themselves, seek supervisory review of the trial court's judgment denying their motion to dismiss for misrepresentation and lack of standing.[1] For the reasons that follow, we deny their writ application.

In 2004, Mr. and Mrs. Barbe executed a promissory note and granted a mortgage on their Metairie home in favor of WMC Mortgage Corp., the original mortgagee. In 2009, the mortgage loan was transferred to Wells Fargo Bank,

---

[1] Relators first sought an appeal. This Court dismissed the appeal for lack of appellate jurisdiction but permitted relators to file a writ application within 30 days of the dismissal. *See* 25-CA-155.

25-C-271

N.A., as Trustee.[2] In 2016, Mr. Barbe and Ocwen Loan Servicing, LLC, the mortgage servicer for Wells Fargo, entered into a Loan Modification Agreement.

In January of 2018, Wells Fargo filed a Petition to enforce the note after the Barbes allegedly defaulted. In 2021, Wells Fargo filed a motion for summary judgment. The trial court granted summary judgment in favor of Wells Fargo and against relators, but this Court reversed the summary judgment ruling on appeal, finding Wells Fargo had failed to demonstrate at the summary judgment stage that it was the proper party to enforce the note and mortgage, because it neither produced the note, nor satisfied the statutory requirements for enforcing a lost note under La. R.S. 10:3-301(iii), La. R.S. 10:3-309, and La. R.S. 13:3741. This Court stated:

> While we do not find that Wells Fargo is necessarily required to produce the original note to establish its right to enforce the note, a copy of a note attached to the petition and a conclusory statement in an affidavit that Wells Fargo is a party entitled to enforce the note, is not sufficient evidence to establish that Wells Fargo is a holder in possession of the promissory note pursuant to La. R.S. 10:3-391(i) and 10:1-201(21)(A). *See*, *e.g.*, *Bank of America, N.A. v. Alexander*, 19-290 (La. App. 5 Cir. 1/29/20), 289 So.3d 1200.
>
> ***
>
> … Because Wells Fargo failed to submit evidence to establish its initial burden of proving it is a person entitled to enforce the promissory note at issue, we find that the burden did not shift to Mr. Barbe to establish a defense or genuine issues of material fact. Accordingly, we find that the trial court erred by granting summary judgment in favor of Wells Fargo, and we reverse the August 18, 2021 judgment entered in its favor and against defendant, Marc Barbe. The matter is remanded for further proceedings.

---

[2] The full name of the transferee is: "Wells Fargo Bank, N.A., as Trustee for the Pooling and Servicing Agreement dated as of March 1, 2004 Merrill Lynch Mortgage Investors Trust Mortgage Loan Asset-Backed Certificates, Series 2004-WMC2."

*Wells Fargo Bank, N.A. v. Barbe*, 22-31 (La. App. 5 Cir. 9/13/22), 349 So.3d 1018, 1024-25.

Meanwhile, in December 2021, Wells Fargo transferred the Barbes' mortgage loan to "U.S. Bank National Association, not in its individual capacity, but solely as trustee of the NRZ Pass-Through Trust XVI" (USBNA). After the transfer, Fay Servicing, LLC became the mortgage servicer for USBNA.

In February 2023, the trial court granted plaintiff counsel's motion to substitute party plaintiff on the basis that USBNA was now the proper plaintiff/party in interest. In August 2024, USBNA filed a motion for summary judgment seeking to enforce the mortgage loan, arguing that there is no genuine issue of material fact that defendants-relators had breached the loan agreement. USBNA also contended it had remedied the issues this Court identified in the appeal from Wells Fargo's previous motion for summary judgment, including complying with Louisiana's statutory requirements for enforcing a lost note.

Relators opposed USBNA's summary judgment motion and, in September 2024, also filed a "Motion to Dismiss for Misrepresentation and Lack of Standing and Not a Party of Interest," as well as an addendum to their motion to dismiss. USBNA then notified relators and the trial court that yet another transfer of the security interest was occurring; thus, USBNA would not move forward with its motion for summary judgment.[3] On November 14, 2024, after a hearing, the trial court denied relators' motion to dismiss. This writ application pertains only to relators' motion to dismiss—USBNA's motion for summary judgment is not at issue.

---

[3] The motion for summary judgment had been set for hearing on October 9, 2024.

Relators claim USBNA lacks standing because it has failed to prove "ownership, a valid chain of title, proper authority, or an enforceable lost note" in this foreclosure lawsuit. Relators also contend there are "persistent procedural defects carried over from Wells Fargo's claims." Thus, relators contend the entire case should be dismissed with prejudice. According to relators, USBNA's vice president admitted that USBNA neither owns nor services the mortgage at issue, and USBNA never established a valid chain of possession.[4] Relators further argue that because USBNA never lawfully acquired ownership or enforceable rights to the mortgage and promissory note, it lacked standing to initiate the foreclosure proceedings.

Relators also take issue with an affidavit purporting to meet the fundamental legal requirements for enforcing a lost note under La. R.S. 10:3-309, pointing to this Court's decision reversing the summary judgment in favor of Wells Fargo in 2022. Relators further contend that USBNA is not the true party in interest, noting that Fay Servicing, not USBNA, services the note. They

---

[4] Relators appear to rely on an August, 7, 2024 email from U.S. Bank to Mr. Barbe, which states:

> I am writing in response to your August 5, 2024, and subsequent e-mail correspondence to U.S. Bank. Based on the limited information that you have provided; it appears that U.S. Bank serves as trustee for a mortgage-backed-securitization trust (the "MBS Trust") that owns the mortgage on your property. Please note that U.S. Bank, in its corporate capacity, does not own or service your loan, and the mortgage servicer is the party to the trust with the authority and responsibility to make decisions and take actions regarding individual loans/properties in the MBS Trust, including loan forbearances, loan modifications, or initiating and conducting foreclosures.
>
> While "U.S. Bank as Trustee" may be identified as the nominal mortgage owner, and may appear on certain foreclosure or other documents, as MBS trustee, we have no authority or responsibility to review and/or approve or disapprove of the mortgage servicer's decisions and actions. You were previously provided with our Role of Trustee brochure that further explains the roles of an MBS trustee and mortgage servicer.
>
> The mortgage servicer of your loan is the proper party to address any questions or concerns that you may have regarding your mortgage loan.

again claim that because USBNA does not own, hold, or service the note, USBNA has no standing to pursue these claims.

In opposition to relators' motion to dismiss, counsel for USBNA argued that relators have used an inappropriate procedural vehicle (a motion to dismiss), misconstrued certain facts, and failed to cite any legal support in favor of dismissing this lawsuit.

Counsel explains that the McGlinchey Stafford law firm was retained by PHH Mortgage Corporation, which was the servicer for Wells Fargo. In December 2021, USBNA acquired relators' mortgage loan by assignment. After the mortgage loan was transferred to USBNA, USBNA's servicer, Fay Servicing, LLC, was appointed the attorney-in-fact for USBNA. In the April 2021 power of attorney, USBNA granted Fay Servicing the authority to retain counsel and to institute foreclosure proceedings; Schedule A to that power of attorney specifically identifies the NRZ Pass-Through Trust XVI (which holds relators' mortgage note). Moreover, USBNA pointed out that Louisiana law permits mortgage servicers to act on behalf of a lender/mortgagee, citing *Valteau v. Mellon Mortg. Co.*, 881 So. 2d 122, 124 (La. App. 4th Cir. 2004), *writ denied*, 882 So. 2d 1133 (La. 2004), *and writ not considered*, 885 So. 2d 1138 (La. 2004), *writ denied*, 888 So. 2d 209 (La. 2004). Here, the servicing entities provided relators with the appropriate powers of attorney granting the servicer the right to act on behalf of the lender/mortgagee. Thus, USBNA argues, relators' contention that Fay had no authority to retain counsel to pursue this litigation is erroneous.

USBNA next pointed out that relators are incorrect in arguing that USBNA "does not own the debt." USBNA has always appeared in this litigation "not in its personal capacity, but as the Trustee for the owner of the mortgage

loan, which is the NRZ Pass-Through Trust XVI." USBNA notified relators that its mortgage servicer has the authority to act on behalf of USBNA in pursuing this litigation and addressing any questions about the loan. USBNA has always appeared in the litigation in the proper capacity, and the Barbes are incorrect to argue that USBNA does not have standing.

USBNA also states that it has addressed the evidentiary problems noted in this Court's 2022 opinion reversing summary judgment in Wells Fargo's favor. For example, USBNA has provided relators with detailed affidavits, evidence of the various assignments of the note, and included the publications regarding the lost note to satisfy the statutory requirements necessary for a lost note's enforcement. Thus, USBNA has standing to enforce the note and mortgage. Furthermore, the fact that another transfer of the mortgage has occurred (since USBNA filed its 2024 motion for summary judgment) does not entitle defendants to dismissal of this action. *See* La. C.C.P. art. 807; *Seale v. Abadie*, 99-771 (La. App. 5 Cir. 1/12/00), 752 So.2d 971, 973 (finding that the transferee of assets, rights and liabilities of the transferor in the litigation is entitled to continue the suit instituted by the transferor).

Upon review of relators' writ application, we find their motion to dismiss essentially asked the trial court to find that the evidence USBNA submitted in support of its motion for summary judgment is so insufficient that this case cannot move forward—an argument more appropriately considered in a motion for summary judgment. However, relators did not file a motion for summary judgment, and a trial court has no authority to grant summary judgment in favor of a non-moving party. *See Bravo v. Borden*, 08-323 (La. App. 5 Cir. 11/25/08), 3 So.3d 505, 510. Further, it appears that genuine issues of material fact remain,

6

which would preclude the granting of a motion for summary judgment in the event relators had filed one.

Relators also have failed to cite any legal precedent to support dismissal of the action at this stage of the proceedings. Relators' additional assertions, regarding standing and plaintiff counsel's purported misrepresentations to the court and the parties, appear to lack any evidentiary support and are belied by the attachments to the writ application.

Accordingly, on the showing made, we cannot say the trial court erred in denying the motion to dismiss. Relators' writ application is denied.

Gretna, Louisiana, this 3rd day of July, 2025.

**EAA**
**SMC**
**SJW**

7

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## <u>NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY</u>

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY <u>**07/03/2025**</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-C-271**

### <u>E-NOTIFIED</u>
24th Judicial District Court (Clerk)
Honorable June B. Darensburg (DISTRICT JUDGE)
Timothy G. Byrd, Jr. (Respondent)

### <u>MAILED</u>
Marc Barbe (Relator)
Renada Barbe (Relator)
In Proper Person
4421 Pike Drive
Metairie, LA 70003